**D. J. MILLER, Appellant,**

v.

**COUNTY OF LOS ANGELES, a Political Subdivision of the State of California, Appellee.**

**No. 19424.**

United States Court of Appeals Ninth Circuit.

Feb. 27, 1965.

Rehearing Denied April 22, 1965.

D. J. Miller, in pro. per.

Harold W. Kennedy, County Counsel and Irvin Taplin, Jr., Deputy County Counsel, Los Angeles, Cal., for appellee.

Before JERTBERG and BROWNING, Circuit Judges, and BOWEN, District Judge.

JERTBERG, Circuit Judge:

Appellant, in propria persona, a citizen and resident of the State of Nevada, appeals from an order of the District Court dismissing, without leave to amend, the action instituted by appellant against appellee in the District Court.

The complaint filed by appellant is repetitious, inartificially and unskillfully drawn, and contains much irrelevant matter. It contains two Counts, Count II of which apparently purports to be a claim against appellee by way of a class action, under which appellant prays that the appellee be ordered to "pay any monies received in excess of the taxes due from the sale of tax delinquent property to the former owners thereof." Said Count contains no allegation that appellant claims to be a member of such class.

We glean from Count I of the complaint that appellant claims to be the owner of 200 acres of specifically described real property located in the County of Los Angeles, State of California, title to and possession of which is in appellee as purchaser of the property at a surreptitious tax sale of property conducted by the tax collector of appellee. It is charged that the tax sale proceedings culminating with the acquisition of title by appellee were unlawful in that notices of such proceedings were not given to appellant although his name and mailing address were known to the officials of appellee who conducted such proceedings, and appeared in the pertinent tax books and records of appellee, and as a result of which unlawful tax proceedings appellant has been deprived of his property without due process of law. Appellant seeks to have it declared that title to said property is held by appellee in trust for him; that title to the property be vested in him on payment of all delinquent taxes and penalties accruing on said real property prior to his first demand upon the appellee for the reconveyance of title to appellant, and for other relief not pertinent here.

It is stated in the complaint that "jurisdiction is founded on a constitutional question, amount in controversy over ten thousand dollars ($10,000) and diversity of citizenship." The complaint contains no direct allegation as to the fair market value of the real property, or any direct allegation as to the amount in controversy.

Appellee moved the District Court to strike alleged redundant and immaterial matter appearing in the complaint, and to dismiss the complaint on the grounds:

1) that neither Count I nor Count II states a claim upon which relief can be granted;

2) that the District Court lacks jurisdiction of the subject matter of this action "by reason of the fact that the amount actually in controversy is less than ten thousand dollars ($10,000), exclusive of interest and costs, and on the further ground that the defendant, County of Los Angeles, is not a 'citizen' of the State of California and therefore diversity of citizenship does not exist."

The District Court granted the motion to strike portions of the complaint on the ground of redundancy and immateriality, and ordered that the "action be and the same is hereby dismissed without leave to amend."

In a memorandum embodying such order, the Court states:

1) That the suit was barred by the statute of limitations;

2) That the complaint failed to show that appellant followed a prerequisite administrative procedure by filing a claim with appellee prior to filing suit as required by California law;

3) That appellee is not a citizen and hence diversity jurisdiction is lacking under 28 U.S.C. § 1332;

4) There is no showing of the jurisdictional amount of $10,000.00; and

5) The allegations are wholly deficient to sustain the action as a class action.

The order of dismissal of the action was made in view of the foregoing statements appearing in the memorandum.

■■ We construe the order of the court dismissing the action without leave to amend to be based upon lack of any jurisdiction in the District Court to entertain the action.

"For it is well settled that the failure to state a proper cause of action calls for a judgment on the merits and not for a dismissal for want of

jurisdiction. Whether the complaint states a cause of action on which relief could be granted is a question of law and just as issues of fact it must be decided after and not before the court has assumed jurisdiction over the controversy. If the court does later exercise its jurisdiction to determine that the allegations in the complaint do not state a ground for relief, then dismissal of the case would be on the merits, not for want of jurisdiction." Bell v. Hood, 327 U.S. 678, at 682, 66 S.Ct. 773, at 776, 90 L.Ed.2d 939 (1946).

In our view the same rule applies in respect to the dismissal of an action on the ground that it is barred by the statute of limitations, or on the ground of failure to allege compliance with a prerequisite administrative procedure.

It is to be noted that the complaint does state that jurisdicion is founded "on a constitutional question,". In view of the filing of the action in the Federal Court, it could properly be inferred that the Constitution referred to is the Constitution of the United States. Other allegations of the complaint could properly be construed as alleging that the amount in controversy exceeds $10,000.-00. It is alleged that the appellant has been deprived of his property "without due process", which allegation could properly be referable to the Fourteenth Amendment.

In Lowe v. Manhattan Beach City School District, 222 F.2d 258 (9th Cir. 1955), the plaintiff, a resident of Alaska, filed an action in the United States District Court for the Southern District of California, against a California school district and several individuals, as defendants, charging that they took possession of certain real property to which plaintiff was entitled thus depriving her of its rental value, and also wrongfully removed and converted to their own use a building belonging to her which was on but not attached to the realty. The plaintiff based jurisdiction of the District Court upon diversity of citizenship.

The District Court dismissed the action for want of jurisdiction, without adjudication of the merits, stating:

"(1) That the record in this cause does not disclose complete diversity of citizenship between the parties (28 U.S.C. § 1332 * * *)."

In passing upon the above statement of the District Court, this Court stated at page 259:

"We agree with this conclusion upon the ground that the state is not a citizen and that the school district is a part of the government of the state."

██ On the authority of Lowe, we hold that the allegations of the complaint are not sufficient to invoke the diversity jurisdiction of the District Court under 28 U.S.C. § 1332.

In Lowe, at page 259 this Court stated:

"However, notwithstanding the allegation that jurisdiction is based upon diversity, there may be, and in this case we think there is, other ground for the court's jurisdiction.

"The district court further held:

"'(2) That there is no claim or cause of action asserted in the complaint which "arises under the Constitution, laws or treaties of the United States" (28 U.S.C. § 1331; [and citing cases]).'

"We are of the opinion that this conclusion of the district court is erroneous and that the cause arises under the Constitution of the United States. We are of the opinion that the case of Bell v. Hood, 1946, 327 U.S. 678, 66 S.Ct. 773, 90 L.Ed. 939, is conclusive authority for the district court to take jurisdiction and determine the merits of the cause."

This court further stated in Lowe that the right allegedly violated in that case is provided by the Fourteenth Amendment, and reversed the order of the District Court dismissing the action for lack of jurisdiction and remanded the cause to the District Court, one Judge concurring, on the authority of Bell v. Hood, supra.

■ While the complaint, drawn by one obviously unlettered in the law and unskilled in the niceties of proper pleading, leaves much to be desired, nevertheless, we believe under the authority of the Lowe case that the allegations are sufficient to invoke the jurisdiction of the District Court under 28 U.S.C. § 1331.

In reversing and remanding the cause to the District Court, we are in no way passing upon the merits of appellant's claimed grievance.

Reversed and remanded.