**O. A. WHITE and Marion White, husband and wife, Plaintiffs,**

v.

**UMATILLA COUNTY, Defendant.**

Civ. No. 65-221.

United States District Court

D. Oregon.

Sept. 3, 1965.

John H. Kottkamp, Kottkamp & O'Rourke, Pendleton, Or., for plaintiffs.

Alex M. Byler, Corey, Byler & Rew, Pendleton, Or., for defendant.

KILKENNY, District Judge.

This is a claim by plaintiffs against defendant for damages. The claim grows out of a written contract between plaintiffs and defendant, in which plaintiffs agreed to convey to defendant a certain right-of-way for a road. The contract, among other things, required defendant to meet certain standards in order to "insure proper drainage of the adjacent land." Plaintiffs allege a breach of the standards and claim a right of recovery on three alternate theories.

A threshold question raised by defendant is whether it should be treated as an *alter ego* of the state of Oregon, and, therefore, not a "citizen" within the meaning of the diversity statute.[1] If the defendant is not such a citizen the Court has no jurisdiction and the action must be dismissed.

In a recent decision in DeLong Corp. v. Oregon State Highway Comm'n., 233 F.Supp. 7 (D.Or.1964), aff'd. 343 F.2d 911 (9th Cir. 1965), this Court fixed certain guidelines to be followed in arriving at a conclusion on a similar issue. There, it was held that the Oregon State Highway Commission was a branch of the state and not a "citizen" within the meaning of the statute. That a county of the state of Oregon should not be placed in the same category as a state agency, such as the Oregon Liquor Control Commission, for diversity jurisdictional purposes, was recognized by Judge James Alger Fee almost a quarter of a century ago in Pacific Fruit & Produce Co. v. Oregon Liquor Control Comm'n., 41 F. Supp. 175 (D.Or.1941). In DeLong, I pointed to certain of Judge Fee's language emphasizing the limited power of a group, such as the state highway commission, over funds deposited in the State Treasury, and the absolute power

1. 28 U.S.C. § 1332.

of a county over its own funds.[2] The contract, here in question, is of a purely business nature involving special problems of interest only to the county and its citizens. At first glance, it would seem that the decisions in Yamhill County v. Foster, 53 Or. 124, 133, 99 P. 286 (1909); Mackenzie v. Douglas County, 91 Or. 375, 379–380, 178 P. 350 (1919), and Gleason v. Thornton, 210 Or. 666, 677, 313 P.2d 776 (1957), would be directly opposed to the statement in Pacific Fruit. However, these cases, as all others, must be read in the light of the facts before the Court.

Typical of the cases in which the Oregon Supreme Court has stated that "a county is not a private corporation, and its rights are not to be determined by the law applicable to such corporation" is Yamhill County v. Foster, supra. The language was used in response to a suit by Yamhill County to restrain the county treasurer from paying over to the state the amount apportioned to the county for state revenues for the year in question. The Court simply affirmed the principle that the money was not the property of the county in the sense to which property of a private person or corporation is regarded, but was public property and within constitutional limits, subject to legislative control. Practically all of these cases follow the principle that a county is in the nature of a quasi-corporation created by the legislature for governmental purposes and is subject to the legislative will of the state. In turn, a county, as distinguished from the highway commission or other such state agencies, has been granted broad independent powers, including, by constitutional amendment, the power of initiative and referendum, and the power of home rule over all matters pertaining to all matters of county concern.[3] This constitutional amendment is implemented by legislative approval.[4] Each county is a distinct "body politic and corporate," [5] and has a right to fix its own boundaries with other counties, or to alter the boundaries so that the counties embrace each other or create new counties.[6] A county, as distinguished from an agency of the state, levies its own taxes for all county purposes [7] and maintains its own treasury.[8] Although an agency, such as the state highway commission, has the power to contract and acquire property by condemnation, it must do so in the name of the state.[9] A county is authorized to contract [10] and to condemn land[11] in its own name. There is little similarity between the powers, obligations and duties of an agency such as the highway commission, and those of the county here in question. Obviously, the decision in DeLong is not controlling.

While the federal court should look to state decisions and statutes, dealing with the character and status of a state sub-division, the ultimate determination is for the federal courts. DeLong Corp. v. Oregon State Highway Comm'n., supra, 233 F.Supp. p. 10. A long line of federal decisions, including, but not limited to, Lincoln County v. Luning, 133 U.S. 529, 10 S.Ct. 363, 33 L.Ed. 766 (1890); Chicot County v. Sherwood, 148 U.S. 529, 13 S.Ct. 695, 37 L.Ed. 546 (1893); Great No. Life Ins. Co. v. Read, 322 U.S. 47, 64 S.Ct. 873, 88 L.Ed. 1121 (1944), and Pettibone, et al., v. Cook County, 120 F.2d 850 (8th Cir. 1941),

2. "The county as a municipal subdivision of the state is charged with certain governmental and administrative functions. These functions, however, are only remotely and distantly connected with the state. *The county is a corporation which has the power to hold the property and money. In transactions of a business nature, it is normally treated as a private corporation.*" (Emphasis supplied.) (41 F.Supp. 179.)

3. Oregon Constitution, Art. VI, § 10.

4. ORS 203.720–203.790.

5. ORS 203.010.

6. ORS 202.010–202.320.

7. ORS 203.120(7), 215.325, 287.072.

8. ORS 208.100–208.990.

9. ORS 366.375, 366.400.

10. ORS 203.010, 203.120, 203.122.

11. ORS 281.310–281.380.

hold that a county is not such an integral part of the state, as to be immune from jurisdiction under the diversity statute.

The only challenges to this formidable line of authority are the rather recent Ninth Circuit cases of Miller v. County of Los Angeles, 341 F.2d 964 (9th Cir. 1965) and Lowe v. Manhattan Beach City School District, 222 F.2d 258 (9th Cir. 1955). Since Miller is based entirely on Lowe, we must turn to the latter for the basis of these decisions. There, the District Court held:

"(1) That the record in this cause does not disclose complete diversity of citizenship between the parties (28 U.S.C. § 1332 * * *)."

Without analysis, or discussion, the Court of Appeals said:

"We agree with this conclusion upon the ground that the state is not a citizen and that the school district is a part of the government of the state. * * *"

In support, the court cites such cases as State Highway Comm'n. of Wyoming v. Utah Constr. Co., 278 U.S. 194, 49 S.Ct. 104, 73 L.Ed. 262 (1929); Fowler v. California Toll-Bridge Auth., 128 F.2d 549 (9th Cir. 1942), involving the same principles as those stated in DeLong, supra. Although I have serious doubts on the subject, it is possible that school districts in California are viewed as true state agencies with full and complete power and authority in the state over the districts. In any event, the authorities cited in support of the decision do not seem to be appropriate.

In Miller v. County of Los Angeles, supra, our Court of Appeals, without an analysis of the statutory standing, position or powers of the county in question, and relying entirely on Lowe, made the following statement:

"On the authority of Lowe, we hold that the allegations of the complaint are not sufficient to invoke the diversity jurisdiction of the District Court under 28 U.S.C. § 1332."

Fortifying the thought that the subject was not adequately briefed to, nor thoroughly analyzed by, the Court of Appeals in either Lowe or Miller, is the fact that no mention is made of federal cases holding to the contrary. Furthermore, the issue before the court in Lowe and Miller was decided in favor of jurisdiction under 28 U.S.C. § 1331. What the court said in each of those cases, on § 1332, the diversity statute, was completely unnecessary to the decision.

Finally, the status of a county in the state of California may bear no resemblance to its counterpart in Oregon. Conforming to the pattern set by the federal decisions, I conclude that an Oregon county is a "citizen" within the diversity statute. Defendant's challenge to the court's jurisdiction is overruled.

Ruling is reserved on the other issues raised under the motion to dismiss. The parties shall proceed to formulate a pre-trial order, with the plaintiffs stating with all reasonable preciseness, the nature of the damages claimed.