**D. J. MILLER, Appellant,**

v.

**COUNTY OF LOS ANGELES, a Political Subdivision of the State of California, Appellee.**

**No. 20436.**

United States Court of Appeals Ninth Circuit.

July 21, 1966.

Rehearing Denied Sept. 21, 1966.

D. J. Miller, Boulder City, Nev., in pro. per.

Harold W. Kennedy, County Counsel, Irvin Taplin, Jr., Deputy County Counsel, Los Angeles, Cal., for appellee.

Before JERTBERG and ELY, Circuit Judges, and JAMESON, District Judge.

PER CURIAM:

Appellant, plaintiff in the District Court, and a citizen and resident of the State of Nevada, appeals from a summary judgment entered in favor of appellee, adjudging and decreeing that the appellee is the owner of certain described real property located in the County of Los Angeles, State of California, and that the appellant has no right, title, interest, or estate in and to the same.

The action was instituted by appellant on December 31, 1963, by the filing of a complaint which was superseded by an amended complaint filed on January 27, 1964. The amended complaint is entitled "COMPLAINT FOR DECLARATORY RELIEF AND TO IMPRESS CONSTRUCTIVE TRUST ON REAL PROPERTY FOR DAMAGES AND FOR UNJUST ENRICHMENT." In the amended complaint plaintiff claims to be the owner of the property in question and alleges that appellee acquired title to said real property through alleged surreptitious and unlawful tax sales proceedings, and seeks to have it declared that title to said property is held in trust by appellee, and that title to said property be vested in appellant on payment of all de-

linquent taxes and penalties accruing prior to appellant's demand upon appellee for reconveyance of title to appellant.

The District Court dismissed the action without leave to amend. On appeal to this court, by appellant, from such order of dismissal, we construed the order dismissing the action to be based upon lack of any jurisdiction in the District Court to entertain the action, and held that the allegations of the amended complaint were sufficient to invoke the jurisdiction of the District Court under 28 U.S.C. § 1331.[1] We further held that the allegations of the amended complaint were not sufficient to invoke the diversity jurisdiction of the District Court under 28 U.S.C. § 1332. In reversing and remanding the cause to the District Court we stated that we were not in any way passing upon the merits of appellant's claimed grievance. Miller v. County of Los Angeles, a Political Subdivision of the State of California, 9 Cir., 341 F.2d 964 (1965).

On remand appellee moved for summary judgment on the grounds that appellant's cause of action is barred by the provisions of Sections 175, 3521, and 3809 of the Revenue and Taxation Code of the State of California. The motion was heard on affidavits, and thereafter the District Court made findings of fact, conclusions of law, and entered judgment in favor of appellee.

From our examination of the record, we are satisfied that there existed in the cause no genuine issue as to a material fact, and that the District Court, under applicable decisions of the reviewing courts of the State of California properly caused to be entered the summary judgment appealed from.

Affirmed.

1. "§ 1331. Federal question; amount in controversy; costs
   "(a) The district courts shall have original jurisdiction of all civil actions wherein the matter in controversy exceeds

the sum or value of $10,000, exclusive of interest and costs, and arises under the Constitution, laws, or treaties of the United States."