17 U.S. 128 (____)
4 Wheat. 128
UNITED STATES
v.
RICE.
Supreme Court of United States.

*130 February 19th. The cause was argued by the Attorney-General, *253] *for the United States, and by Webster, for the defendant.[(a)]
*131 February 22d, 1819. STORY, Justice, delivered the opinion of the court.
The single question arising on the pleadings in this case is, whether goods imported into Castine, during its occupation by the enemy, are liable to the duties imposed by the revenue laws upon goods imported into the United States. It appears, by the pleadings, that on the first day of September 1814, Castine was captured by the enemy, and remained in his exclusive possession, under the command and control of his military and naval forces, until after the ratification of the treaty of peace, in February 1815. During this period, the British government exercised all civil and military authority over the place; and established a custom-house, and admitted goods to be imported, according to regulations prescribed by itself, and among others, admitted the *goods upon which duties are now demanded. These [*254 goods remained at Castine, until after it was evacuted by the enemy; and upon the re-establishment of the American government, the collector of the customs, claiming the right to American duties on the goods, took the bond in question from the defendant, for the security of them.
Under these circumstances, we are all of opinion, that the claim for duties cannot be sustained. By the conquest and military occupation of Castine, the enemy acquired that firm possession which enabled him to exercise the fullest rights of sovereignty over that place. The sovereignty of the United States over the territory was, of course, suspended, and the laws of the United States could no longer be rightfully enforced there, or be obligatory upon the inhabitants who remained and submitted to the conquerors. By the surrender, the inhabitants passed under a temporary allegiance to the British government, and were bound by such laws, and such only, as it chose to recognise and impose. From the nature of the case, no other laws could be obligatory upon them, for where there is no protection or allegiance or sovereignty, there can be no claim to obedience. Castine was, therefore, during this period, so far as respected our revenue laws, to be deemed a foreign port; and goods imported into it by the inhabitants were subject to such duties only as the British government chose to require. Such goods were in no correct sense imported into the United States.
The subsequent evacuation by the enemy, and resumption of authority by the United States, *did not, and could not, change the character [*255 of the previous transactions. The doctrines respecting the jus postliminii are wholly inapplicable to the case. The goods were liable to American duties, when imported, or not at all. That they were not so liable, at the time of importation, is clear, from what has already been stated; and when, upon the return of peace, the jurisdiction of the United States was re-assumed, they were in the same predicament as they would have been, if Castine had been a foreign territory, ceded by treaty to the United States, and the goods had been previously imported there. In the latter case, there would be no pretence to say, that American duties could be demanded; and upon principles of public or municipal law, the cases are not distinguishable. *132 The authorities cited at the bar would, if there were any doubt, be decisive of the question. But we think it too clear to require any aid from authority.
Judgment affirmed, with costs.
NOTES
[(a)] He cited Grotius, de Jure Belli ac Pacis, lib. 2, ch. § 5, et seq.; Id. c. 6, § 4; Id. lib. 3, c. 9, § 9, 14; Puffendorf, by Barbeyrac, lib. 7, c. 7, § 5; Id. lib. 8, c. 11, § 8; Bynkershoek, Q.J. Pub. lib. 1, c. 6, 16, Du Ponceau's Trans. 46, 124; Voet, ad Pandect, lib. 39, tit. 4, No. 7, De Vectigalibus; Id. lib. 19, tit. 2, No. 28; Id. lib. 49, tit. 15, No. 1; United States v. Hayward, 2 Gallis. 501; The Fama, Rob. 186; The Foltina, Dods. 450; 30 Hogsheads of Sugar, 9 Cranch 191; Reeves' Law of Ship, 98 et seq.; United States v. Vowell, 5 Cranch 368; United States v. Arnold, 1 Gallis. 348; S.C. 9 Cranch 106; Empson v. Bathurst, Winch 20, 50; Winch, Entries, 334, citing Poph. 176; S.C. Hutton 52; Com. Dig, Officer, H.