JOHN W. PATRICK, for the use of another, plaintiff in error, *vs.* WILLIAM McWILLIAMS, defendant in error.

The admissions made by the obligee in bond, whether containing words of nego-tiability, or not, if made after the assignment of the bond, and after notice of the assignment communicated to the obligor, are not admissible in the evidence for the obligor, against the assignee.

Covenant and *rule nisi* for new trial.   Tried before Judge HAMMOND, in Campbell Superior Court, at March Term, 1857.

This was an action of covenant brought by Jonathan W. Patrick against William McWilliams, on a bond conditioned to make titles to a certain lot of land in said bond described. Breaches were assigned, and damages alleged, &c.

The declaration was subsequently amended by adding af-ter the word petitioner, in the sixth line, the words "who sues for the use of John M. Redwine," and a further amendment, "that heretofore, to-wit: on the 27th July, 1849, said Jona-than W. Patrick, for value received, transferred said bond in writing, to one A. A. Williams, who, on the 30th November,

1849, for value received, transferred in writing said bond to the said John M. Redwine," &c.

The defendant pleaded:

1st. The general issue.

2d. A contract giving the plaintiff the right to rescind the purchase, and a recession by him.

3d. And set-off.

The jury found for the defendant, and plaintiff moved for a new trial, on the grounds:

1st. Because the Court erred in allowing the defendant to give in evidence, a conversation between Patrick and Mc-Williams, long after the commencement of said suit, and only eighteen months before the trial, the substance of which conversation was that Patrick and McWilliams had settled or agreed to drop said suit, it appearing that the interest of said Patrick in said bond, had, long before the period at which said conversation was had, been transferred by written assignment on said bond, to Redwine.

2d. Because the Court erred in charging the jury upon the subject of the payment and satisfaction of said bond, there being no evidence that defendant had at any time paid to Patrick or Redwine anything whatever, or that there was any evidence of a settlement of record in said cause.

3d. Because the verdict was decidedly against the weight of evidence.

4th. Because the verdict was contrary to law and evidence.

Upon hearing the motion for a new trial, the Court held that in an action upon a bond, containing no negotiable words, for the use of an assignee, the admissions or sayings of the obligee, could be given in evidence to prove payment or a settlement with him, after action brought, to defeat the right of the assignee or party in interest, to a recovery on said bond; and overruled and refused the motion for a new trial.

To which ruling and decision counsel for the plaintiff ex-cepted.

Ezzard & Collier, for plaintiff in error.

Tuggle & Butt, represented by James M. Calhoun, for defendant in error.

*By the Court.*—Benning, J. delivering the opinion.

The admissions of the obligee in a bond, whether contain-ing words of negotiability or not, if made after he has as-signed the bond, and after notice of the assignment has reached the obligor, are not admissible in evidence for the obligor, against the assignee.

This is a proposition that was not disputed by Mr. Cal-houn, the counsel for the defendant in error, and we think that he was right in not disputing it.

It is one, however, that was denied by the Court below. That Court held, that, "in an action brought upon a bond containing no negotiable words, in the name of the obligee, for the use of the assignee to whom the bond had been trans-ferred by written assignment, the admissions or sayings of the obligee, could be given in evidence, to prove payment or a settlement with him after action brought, to defeat the right of the assignee or party in interest, to recover in said action."

But what was insisted upon by Mr. Calhoun, was, that there was not any evidence to show, that the sayings of this obligee, Patrick, were uttered *after* the obligor, McWilliams, had *notice* of the assignment; and, therefore, that the charge, if wrong, in respect to the point of the effect of notice, could have done no harm.

But we think, that in this, he was wrong.

The sayings of Patrick were uttered at *some* time which was after a settlement had been made by him and McWil-liams.

There was a plea by McWilliams, to the effect, that Patrick ought not to be allowed to recover, for the use of Redwine, the assignee, because he, McWilliams, had a set-off against Patrick, consisting in the money due by Patrick on his note given to him, McWilliams, in payment for the land.

It is apparent on the face of this plea, that when it was filed, McWilliams had notice of the assignment to Redwine, and had not settled with Patrick.

The time when the plea was filed, therefore, must have been *before* the time of the sayings of Patrick, for those sayings were to the effect, that there *had* been a settlement.

It must follow, therefore, that at the time of those sayings, McWilliams had notice of the assignment.

These things being so, we cannot agree with the counsel for the defendant, and say, that, although the Court may have held wrong, the error did no harm.

We think, that the sayings of Patrick were improperly admitted, and therefore, that the motion for a new trial ought to have been granted.

It is proper to remark, that the bill of exceptions discloses no evidence in support of the second plea of the defendant, and therefore, that the matter of that plea, is disregarded altogether, in the making up of this opinion. This opinion goes upon the supposition, that there was merely a bond for titles, and that there was not a counter bond of any sort.

Judgment reversed.