WILLIAM D. BRANSFORD, administrator, plaintiff in error, vs. MARTHA A. CRAWFORD, defendant in error.

1. The grand-child of an intestate, whose father died before the grandfather, takes an interest in the estate of the intestate, subject to the advancements made to the father of such grand-child.

2. The declaration of such intestate, that certain notes which he held on his son, were not held by him as debts against his son, but as advancements to him, are admissible in evidence in an action by the grandchild for her share in the grand-father's estate.

Administrators and executors. Distribution. Advancement. Before Judge JAMES JOHNSON. Talbot Superior Court. September Term, 1873.

Martha A. Crawford, one of the heirs-at-law of John Bransford, deceased, cited William D. Bransford, the administrator upon his estate, to appear before the ordinary for a settlement. Judgment was rendered in favor of the petitioner for $800 00, whereupon the defendant appealed.

Upon the trial in the Superior Court, the petitioner showed that she was the only child of James A. Bransford, who was the son of the intestate, John Bransford; that her father, James A. Bransford, died before the intestate; that $800 00 was a distributive share of said estate.

The defendant introduced in evidence two notes given by James A. Bransford to Mary Bransford, one for $250 00, dated February 11th, 1860, the other for $335 00, dated March 10th, 1864. He then proved that Mary Bransford, the payee, was, at the dates of said notes, the wife of John

Bransford, the intestate; that she never had any separate estate; that she was in the habit of keeping the money of her husband, who would refer all applicants therefor to her; that she died some time prior to her husband, and that he found the above notes among the papers of the intestate after his death.

The defendant then offered to prove by his own oath that his intestate had said to him and others that he did not hold said notes as debts against said James A. Bransford, but as advancements to him. Upon objection, this testimony was excluded, and defendant excepted. The jury found for the petitioner $800 00. Error is assigned upon the aforesaid exception.

WILLIS & WILLIS, for plaintiff in error.

E. H. WORRILL, for defendant.

TRIPPE, Judge.

1. In the distribution of an estate, every child of the intestate, and if a child be dead, the representative of that distributive share, must first account for any and all advancements made in intestate's lifetime: Code, section 2582; 23 *Georgia*, 351.

2. As to the other question made in the record, whether the declarations of the intestate are admissible in evidence as to how he held the notes on his son, to-wit: as advancements and not as debts, we think the case of *West et al., executors, vs. Bolton*, 23 *Georgia*, 351, determines it. It was there held that just such declarations made by the father-in-law were admissible against the children of his son-in-law, in a suit by them against the executors for their share in their grand-father's estate. Strong decisions were read on the argument of this case to the contrary of this rule: Kreider *vs.* Boyer, 10 Watts, 54; Haverstock *vs.* Sarbach, 1 Watts & Sergeant, 390; 4 Wheat., 130. But this court, in *West vs. Bolton, supra,* seems to have considered these decisions and to have deliber-

ately held the declarations to be admissible. It is true, in that case the declarations were solemnly made by the testator, at the time of the execution of his will and afterwards. When first made, the notes were lying before him, so there was no question as to his meaning and as to the identity of the notes. How far the testimony may go in this case to satisfy the jury we cannot say. Whether the notes can be satisfactorily identified as the ones the intestate referred to and sufficient explanation given of their terms, (to-wit: the party to whom they were made payable) is a matter for the jury. These and the manner and circumstances under which the declarations may have been made are to be left to them. In the case in 23 *Georgia* it is stated in the opinion, as reported, that certain cases in the Connecticut reports seem to favor the admission of such declarations: Clark and others *vs.* Warner *et al.*, 6 Connecticut 355, and Johnson *vs.* Belden *et al.*, 20 *Ibid.*, 322, are cited. We rest this decision on the one rendered in 23 *Georgia.* As to section 2580, Code, prescribing that a certain act on the part of a parent "shall be evidence of the fact of an advancement," it may be remarked that it cannot, of course, be claimed that it was intended to declare that to be the only way in which it could be proved. A gift made with the intent of its being an advancement, and so accepted, may be proved to be such, though there be no writing either by the parent or child. Let the evidence go to the jury, for their consideration, under the directions to be given them by the court.

Judgment reversed.