WALLACE, administrator, *et al. vs.* OWEN *et al.*

[Blandford, Justice, being disqualified, did not preside in this case.]

1. The verdict was not contrary to law, evidence, or the charge of the court.

(*a.*) This was a special verdict, in which the jury returned answers to specific questions, and it is not specified in what particular the verdict is wrong.

2. An absolute gift to a child of the donor may be changed into an advancement, with the consent of the donee; and an advancement may be changed, by consent, into an absolute gift, nor is it necessary that this should be done by will.

(*a.*) This is not in conflict with the case in 39 *Ga.*, 108.

3. If a father gave his children negroes, and charged the same to them on his book, and afterwards destroyed the account which he had made, and declared at the time that they should not be accounted for against his children, the jury could consider this, with the other evidence, in determining whether the negroes should be considered as advancements.

4. The child should accept the gift in order to make it an advancement; if not received by the child, it would not be such.

5. The question being whether certain negroes should be charged against the children of a decedent as advancements, there was no error in admitting testimony that the intestate said that the war had freed the negroes, and he did not want his children to account for them, and that he would tear up the memorandum charging them to such children; which he accordingly did. Such statements were not hearsay, but were sayings against the interest of the decedent's estate, tending to lessen the value of it for distribution.

(*a.*) The husband of a daughter of the intestate was not incompetent to prove these facts, because the title to the negroes vested in him at the date of the gift, by virtue of his marital rights, and the intestate is dead. He has no interest now that the negroes are free, and he is no party now.

October 16, 1883.

Practice in Supreme Court. Advancements. Gifts. Parent and Child. Evidence. Witness. Before J. M. McNeill, Esq., Judge *pro hac vice*. Talbot Superior Court. March Term, 1883.

Reported in the decision.

J. M. Matthews; W. S. Wallace & Son, for plaintiffs in error.

J. H. Martin; John Peabody, for defendants.

Jackson, Chief Justice.

The administrator cited the heirs at law of the intestate to appear before the ordinary to settle with the administrator

their respective accounts as such heirs at law. The case was carried by appeal to the superior court, and the judge thereof being disqualified, the case was tried before **J. M.** McNeill, one of the bar in atttendance on the court.

The jury answered certain questions propounded by the court, fixing the amount due by the administrator, and the advancements made to each of the heirs, and thereupon the court entered a decree, settling the division of the fund in the hands of the administrator according to the finding of the jury.

From the judgment of the court, denying a motion for a new trial made by certain of the parties, those parties excepted, and have brought up the case to be reviewed here.

1. The three first grounds of the motion are, that the verdict is contrary to the charge of the court, to the weight of the evidence, and without evidence to support it, and contrary to law, equity and justice.

We do not see that the verdict is subject to this criticism and objection. It is not specified in either of these grounds wherein it is thus obnoxious to the evidence, or the law, or the justice and equity of the case. The verdict was a special verdict in response to certain questions, and which response is thus unsupported, is not alleged and specified; nor has it been made to appear to this court by the record or argument thereon wherein or how the verdict is thus attacked, or is liable to attack.

So, not being informed of the weak points so referred to in general terms, and not being able to see them in the record, we dismiss these points without further comment.

2. The fourth ground is, that the court erred in refusing to give the following request to charge:

"If you are satisfied, from the evidence in this case, that W. B. Harris gave to any of his children negroes, which he intended as advancements, and at the time they were so given, said negroes must be accounted for by the persons receiving them, at their value, at the time they were received. And it would not matter if he had said to different

persons, and at different times, that he did not mean his children to account for them as advancements. A man having given property as an advancement, cannot change it into an absolute gift, so that the law will not require it to be accounted for as an advancement, unless it be done by a will duly executed for that purpose."

There was no error in refusing this charge. Suppose he executed a deed of gift, why would it not answer as well as a will? Yet such is the breadth of the request. In the case at bar, the intestate tore up the note book in which was the negro charged as an advancement, and then said to the effect that, as negroes were freed, he did not wish the heir charged with him as an advancement. Why may not this be done? An absolute gift may be changed into an advancement, with the assent of the heir to whom the gift was made; why not an advancement into an absolute gift? In *Harper vs. Parks*, 63 *Ga.*, 705, the absolute gift of a piano as an advancement was changed into a gift for life, the donee assenting. So, in 51 *Ga.*, 20, it was held that declarations by the parent that notes held by him as debts against a son, he desired to be advancements, changed their character into advancements. And in *West et al., ex'rs, vs. Bolton*, 23 *Ga.*, 351, cited in 51 *Ga.*, the same ruling, in effect, was made.

In 39 *Ga.*, 108, relied on by plaintiff in error, it is decided that the " memorandum kept by the parent, of his advancements to his children, indicating a scheme of distribution of specific articles in kind, is only evidence of the fact of the advancements and *prima facie* of their value, and its indications of the intestate's scheme for the distribution of his estate will be unheeded, unless the paper be proved as a will."

There was no declaration by the intestate that any advancement was recalled, but because on the paper in 1860 he said his children were now made equal, and because the slaves were set free, it was argued that his intention was to make all equal. No point was made on his power to

change an advancement into a gift. It does not collide with the other cases.

3. There was no error in charging that, "if the jury should believe he gave the children negroes, and charged the same to them on his book, and afterwards destroyed the account which he had made, and declared at the time that they should not be accounted for against his children, then you may consider this, with the other evidence in the case, in determining whether the negroes should be considered as advancements," for the reasons just given in respect to the 4th ground of the motion.

4. The 6th ground complains of a charge as inapplicable because unsupported by evidence. It is to the effect that the child should accept the gift to make it an advancement; if not received by the child, it would not be such.

It is very plain law. We do not see how it could hurt, even if the evidence did not strictly make it applicable to the case.

5. Under the view already taken, the 7th ground was properly overruled, as there was no error in ruling in testimony " that the intestate said that the war had freed the negroes, and he did not want his children to account for them, and that he would tear up the memorandum charging them to his children, and that he did tear it up." It seems by counsel to be put on the ground that the intestate being dead, the husband of intestate's daughter was not competent, because the title to the negroes vested in him at the date of the gift by virtue of his marital rights; but we fail to see his interest, now the negroes are free, and he is no party now. It was also put on the ground that it was hearsay; but we think it admissible because the sayings were against the interest of the decedent's estate, inasmuch as it lessened the value of it for distribution that much, and the ruling in 51 *Ga.*, 20, *supra*, covers it.

Judgment affirmed.