297 F.2d 28
 ARCTIC MAID and Arctic Maid Fisheries, Inc., Appellants,
v.
TERRITORY OF ALASKA, Appellee.
PACIFIC REEFER and Pacific Reefer Fisheries, Appellants,
v.
TERRITORY OF ALASKA, Appellee.
PACIFIC QUEEN and Pacific Queen Fisheries, Appellants,
v.
TERRITORY OF ALASKA, Appellee.
ALASKA REEFER and Alaska Reefer Fisheries, Appellants,
v.
TERRITORY OF ALASKA, Appellee.
NORTH STAR and North Star Fisheries, Appellants,
v.
TERRITORY OF ALASKA, Appellee.
NORTHERN REEFER COMPANY, Grimes Packing Company and REEFER, II, Appellants,
v.
TERRITORY OF ALASKA, Appellee.
 Nos. 15283-15288.
 United States Court of Appeals Ninth Circuit.
 November 6, 1961.
 
 Evans, McLaren, Lane, Powell & Beeks, by Martin P. Detels, Jr., Seattle, Wash., and John H. Dimond, Juneau, Alaska, for appellants Arctic Maid et al.
 Bogle, Bogle & Gates, Seattle, Wash., for appellants Northern Reefer Co. et al.
 Ralph E. Moody, Atty. Gen., State of Alaska, Avrum M. Gross, Asst. Atty. Gen., State of Alaska, for appellee, State of Alaska.
 Before CHAMBERS, BARNES, HAMLEY, HAMLIN, JERTBERG, MERRILL and KOELSCH, Circuit Judges.
 PER CURIAM.
 
 
 1
 In 1955 the then Territory of Alaska instituted these suits against the named defendants in the United States District Court for the District of Alaska, First Division. The purpose of the suits was to collect certain territorial taxes imposed as license fees in connection with the operation of the named freezer ships during the years 1951-1954. These taxes were imposed by Chapter 97, § 1, Session Laws of Alaska, 1949, as amended by Chapter 116, § 1, Session Laws of Alaska, 1951.
 
 
 2
 Defenses having to do with the territorial limits of Alaskan jurisdiction, the meaning of the territorial taxing statute, and the constitutionality of that statute as applied were advanced at the trial. The territorial district court entered judgments for plaintiff. 140 F.Supp. 190. Defendants appealed and a division of this court affirmed in part and reversed in part, remanding for further proceedings. A rehearing en banc was granted, which resulted in the withdrawal of the division opinion, and a reversal of the judgments. The Arctic Maid v. Territory of Alaska, 9 Cir., 277 F.2d 120.
 
 
 3
 The Supreme Court of the United States reversed our decision and remanded the cause to this court for further proceedings to determine how many fish, if any, were taken or purchased by appellants outside Alaska's territorial waters. It was indicated in the decision of the Supreme Court that, except for any taxes imposed with respect to fish taken or purchased outside such waters, the judgment of the district territorial court was correct. State of Alaska v. Arctic Maid, 366 U.S. 199, 81 S.Ct. 929, 6 L.Ed.2d 227.
 
 
 4
 This court then called upon the parties to file supplemental briefs to assist the court in its further consideration of the case. Responsive thereto Northern Reefer Company, Grimes Packing Company and Reefer II, appellants in No. 15288, advised the court that the issues which remain to be decided do not affect them, except in the matter of costs, and that they would not pursue their appeal further.
 
 
 5
 The appellants and appellee in the other cases, Nos. 15283 to 15287, joined in an application and stipulation for the remand of those cases to the United States District Court for the District of Alaska. It was recited in these documents that the record in these cases is presently inadequate for the determination of the amount of tax liability of those appellants. A remand is necessary, it was further stated, so that further evidence may be introduced as to the location of appellants' vessels, the limits of the territorial waters of Alaska, and for a determination by that court of the amount of the tax liability.
 
 
 6
 This application and supporting stipulation presented the question of whether, in view of section 14 of the Alaskan Statehood Act, 72 Stat. 339, 48 U.S.C.A., 1960, Pocket Part, 12, such remand should be to the United States District Court for the District of Alaska or to the Supreme Court of Alaska. We therefore asked the parties to file supplemental briefs dealing with this question.
 
 
 7
 These briefs have now been received. In the brief of appellee, and in the brief of the appellants in No. 15288 (Northern Reefer Company, Grimes Packing Company and Reefer II) it is argued that the cases should be remanded to the Supreme Court of Alaska. In the briefs filed by the appellants in the remaining cases (Nos. 15283 to 15287) it is argued that the remand should be to the United States District Court for the District of Alaska.
 
 
 8
 The question as to where we should send these cases on remand is a jurisdictional one. Therefore we are not bound by the stipulation which accompanied the application for a remand to the district court.
 
 
 9
 The determination of this jurisdictional question depends upon the construction to be given to section 14 of the Alaska Statehood Act, cited above. That section reads:
 
 
 10
 "Sec. 14. * * * All appeals taken from the District Court for the Territory of Alaska to the Supreme Court of the United States or the United States Court of Appeals for the Ninth Circuit, previous to the admission of Alaska as a State, shall be prosecuted to final determination as though this Act had not been passed. All cases in which final judgment has been rendered in such district court and in which appeals might be had except for the admission of such State, may still be sued out, taken, and prosecuted to the Supreme Court of the United States or the United States Court of Appeals for the Ninth Circuit under the provisions of then existing law, and there held and determined in like manner; and in either case, the Supreme Court of the United States, or the United States Court of Appeals, in the event of reversal, shall remand the said cause to either the State supreme court or other final appellate court of said State, or the United States district court for said district, as the case may require: Provided, That the time allowed by existing law for appeals from the district court for said Territory shall not be enlarged thereby."
 
 
 11
 These appeals were taken from the District Court for the Territory of Alaska previous to the admission of Alaska as a state. They therefore fall in the class of appeals exclusively referred to in the first sentence of section 14. It is provided in that sentence that appeals falling in that class "shall be prosecuted to final determination as though this Act had not been passed."
 
 
 12
 Appellants in all but No. 15288 construe the words "prosecuted to final determination" to mean "prosecuted to final disposition of the case." Thus they conclude that the last part of the second sentence, which provides for remand to the state supreme court under certain circumstances is inapplicable to appeals of the kind described in the first sentence.
 
 
 13
 But the first sentence of section 14, in which these words appear, deals not with the disposition of cases but with the disposition, in the appellate court, of pending appeals. This construction of the quoted words is confirmed by the second sentence of section 14. The first part of the second sentence, down to the semicolon, deals with appeals to the Supreme Court of the United States, or this court, from judgments rendered prior to statehood but in which the appeals were not instituted prior to statehood.
 
 
 14
 Such appeals, it is provided, may be prosecuted in the Supreme Court of the United States or in this court under the provisions of the then existing law, "and there held and determined in like manner; * * *." The words "in like manner" can only refer to the manner in which appeals described in the first sentence are to be prosecuted, that is, "to final determination as though this Act had not been passed."
 
 
 15
 Thus if "to final determination" means to final disposition of the case, the class of cases described in the first part of the second sentence would have to be prosecuted to final disposition in the federal courts, no remand to the Supreme Court of Alaska being possible. But this would be in conflict with the second part of the second sentence which authorizes remands to the Supreme Court of Alaska under certain circumstances.
 
 
 16
 This inconsistency is avoided if the words "to final determination" are construed as meaning "to final disposition of the appeal," and if the words "and in either case," following the semicolon in the second sentence, are understood as referring to appeals of the kind described in the first sentence as well as the appeals described in the first part of the second sentence.
 
 
 17
 Apart from the considerations just described, no reason occurs to us why Congress would wish to have remands after statehood, or appeals initiated before statehood, go inexorably to the United States District Court, while providing that as to remands in appeals initiated after statehood from judgments entered prior thereto, a choice could be made as between the state supreme court or the United States District Court.
 
 
 18
 We conclude that the words "and in either case," which follow the semicolon in the second sentence of section 14 make reference to appeals described in the first sentence of that section, as well as to appeals described in the first part of the second sentence. It follows that the last part of the second sentence is applicable to the appeals here in question.
 
 
 19
 This leaves for determination the question of whether, under the circumstances of this litigation, these cases require remand to the state supreme court or to the United States District Court for the District of Alaska.
 
 
 20
 In our view, the phrase "* * * as the case may require; * * *," as used in the second sentence of section 14, implies that where an appeal of the kind described results in a reversal, the remand should be to the court where it should have been commenced, had the present state and federal judicial systems been in effect when these suits were instituted.
 
 
 21
 Had the present state and federal judicial systems then been in effect, federal jurisdiction to entertain this suit could not have been invoked under 28 U.S.C.A. § 1331, on the ground that a federal question was raised. The answers, but not the complaints, raised federal questions. Federal question jurisdiction is dependent upon the allegations of the complaint, Skelly Oil Co. v. Phillips Petroleum Co., 339 U.S. 667, 70 S.Ct. 876, 94 L.Ed. 1194; Skokomish Indian Tribe v. France, 9 Cir., 269 F.2d 555.
 
 
 22
 Nor could federal jurisdiction have been invoked under 28 U.S.C.A. § 1332, on the ground of diversity of citizenship. A suit between a state and a citizen of another state is not a suit between citizens of different states, since a state is not a "citizen." Postal Telegraph Cable Co. v. Alabama, 155 U.S. 482, 15 S.Ct. 192, 39 L.Ed. 231; Broadwater-Missouri Water Users' Ass'n v. Montana Power Co., 9 Cir., 139 F.2d 998.
 
 
 23
 No other basis for federal jurisdiction has been suggested. We accordingly hold that the circumstances of these cases require that they be remanded to the Supreme Court of Alaska. While appellants in No. 15288 have indicated that they do not wish further to pursue their appeal, they have filed a brief herein urging that the remand be to the state supreme court. We therefore remand that case, as well as the others, to the Supreme Court of Alaska where the appellants in No. 15288 may, if they choose, seek a dismissal.
 
 
 24
 All parties will bear their own costs in this court.