**FIFTY ASSOCIATES, a Massachusetts corporation, Appellant,**

v.

**The PRUDENTIAL INSURANCE COMPANY OF AMERICA, Appellee.**

**No. 23936.**

United States Court of Appeals, Ninth Circuit.

July 6, 1970.

Rehearing Denied Oct. 6, 1970.

James Powers (argued), of Powers, Boutell, Fannin & Ridge, Phoenix, Ariz., for appellant.

Daniel T. Bergin (argued), Robt. H. Carlyn, Robt. P. Robinson, of Fennemore, Craig, von Ammon & Udall, Phoenix, Ariz., for appellee.

Before MERRILL and KOELSCH, Circuit Judges, and BYRNE,[*] District Judge.

BYRNE, District Judge.

This case presents an excellent example of the problems confronting a pleader in a federal court of limited jurisdiction, who is accustomed to preparing pleadings in a state court of general jurisdiction.

Appellant Fifty Associates and its lessee of Arizona real estate, Mayer-Central Building Company, executed a mortgage on certain property in Phoenix, to Prudential Insurance Company of America. After Mayer defaulted in making payments due to Prudential, the appellee filed a foreclosure action in federal court. Jurisdiction purportedly was based on the diversity of citizenship provisions of Title 28 U.S.C. § 1332. Prudential named as defendants the parties set forth in the margin.[1]

Within the body of the complaint Prudential alleged with respect to diversity jurisdiction:

"At all times herein mentioned plaintiff was and is a New Jersey cor-

---

[*] Honorable William M. Byrne, United States Senior District Judge, Central District of California, sitting by designation.

1. "The Prudential Insurance Company of America, Plaintiff v. Fifty Associates, a Massachusetts corporation; Mayer Central Building Corporation, an Arizona

corporation; Walter E. Fulford and Dick Searles, co-trustees of the Estate of Mayer Central Building Corporation; Federated Mortgage Investors, a New York investment trust; John Doe One through Ten; Jane Doe One through Ten; Brown and Smith, a partnership; Black Corporations One through Ten, Defendants."

poration and a citizen of the State of New Jersey with its principal place of business in said state; the defendant, Fifty Associates, a Massachusetts corporation, is a citizen of the State of Massachusetts with its principal place of business in the State of Massachusetts; the defendant, Mayer Central Building Corporation, an Arizona corporation, is a citizen of Arizona with its principal place of business in the State of Arizona; defendant, Federated Mortgage Investors, a New York investment trust, is a citizen of New York with its principal place of business in the State of New York; defendant, Walter E. Fulford, is a citizen and resident of the State of Arizona and defendant, Dick Searles, is a citizen and resident of the State of Arizona, and they are duly qualified and acting co-trustees of Mayer Central Building Corporation, an Arizona corporation, a petitioner for reorganization under Chapter 10 of the Bankruptcy Act in Cause B–13806–Phx. in the United States District Court for the District of Arizona. Defendants, John Doe One through Ten, Jane Doe One through Ten, Brown and Smith, a partnership, and Black Corporations One through Ten, whether singular or plural, are fictitious names designating an individual or individuals, masculine or feminine, or legal entities unknown to plaintiff, none of which are citizens of New Jersey nor having principal places of business within said State of New Jersey. Plaintiff prays that when the true name or names of said fictitious defendants are discovered, that the same may be inserted herein as if correctly named originally herein. The amount in controversy exceeds $10,000 exclusive of interest and costs. This court has jurisdiction pursuant to 28 U.S.C. 1332."

After considering the cause without a jury, the district court entered a "Judg-

ment and Decree of Foreclosure and Sale" in favor of Prudential titled:

"The Prudential Insurance Company of America, Plaintiff, vs. Fifty Associates, a Massachusetts corporation; Mayer-Central Building Corporation, an Arizona corporation; Rex Maughan, Trustee of the Estate of Mayer-Central Building Corporation; Federated Mortgage Investors, a New York Investment Trust; Consolidated Roofing & Supply Company, an Arizona corporation; Mayer Development Corporation, an Arizona corporation; Mayer-Central Plaza Company, a partnership; Eric D. Mayer; Francine Mayer, wife of Eric D. Mayer; Lawrence D. Mayer; Pauline Mayer, wife of Lawrence D. Mayer; Arizona State Tax Commission, an agency and department of the State of Arizona, Defendants."

The district court noted that each of the defendants had been served regularly with process, that all defendants, except Fifty Associates and the State of Arizona (Arizona State Tax Commission), failed to answer the complaint or otherwise plead, and that defaults had been entered against all defendants, except Fifty Associates and the State of Arizona,[2] according to law.

A motion for summary judgment was made and granted. After entry of the foreclosure judgment, this appeal of Fifty Associates followed.

It is clear that the district court did not have jurisdiction. "A plaintiff suing in a federal court must show in his pleading, affirmatively and distinctly, the existence of whatever is essential to federal jurisdiction, and, if he does not do so, the court, on having the defect called to its attention or on discovering the same, must dismiss the case, unless the defect be corrected by amendment." Smith v. McCullough, 270 U.S. 456, 459, 46 S.Ct. 338, 339, 70 L.Ed. 682.

2. The District Court also stated:
  "The defendant, the State of Arizona, Arizona State Tax Commission, which has appeared and answered the complaint herein, has consented to the entry of judg-

ment against it in favor of the plaintiff and has approved this judgment as to form and has stipulated by and through its attorneys that this matter may be heard as a default."

■ Federal courts being courts of limited jurisdiction, the presumption is that it is without jurisdiction unless the contrary affirmatively appears. Grace v. American Central Ins. Co., 109 U.S. 278, 3 S.Ct. 207, 27 L.Ed. 932; Robertson v. Cease, 97 U.S. 646, 649, 24 L.Ed. 1057.

Failure to make proper and complete allegations of diversity jurisdiction relegates a litigant to the jurisdictional purgatory described by Chief Justice Hughes in McNutt v. General Motors Acceptance Corp. of Indiana, 298 U.S. 178, 189, 56 S.Ct. 780, 785, 80 L.Ed. 1135 (1935);

> "The prerequisites to the exercise of jurisdiction are specifically defined * * * They are conditions which must be met by the party who seeks the exercise of jurisdiction in his favor. He must allege in his pleading the facts essential to show jurisdiction. If he fails to make the necessary allegations he has no standing."

■ Measured against Federal requirements that the existence of diversity jurisdiction must be sufficient on the face of the complaint, Prudential's allegations appear to be infirm on a number of grounds.

■ First, although Prudential did allege that it had its principal place of business in New Jersey, the averment that "plaintiff is and was a New Jersey corporation and a citizen of the State of New Jersey" is plainly inadequate. An allegation that an individual is a citizen of a certain state is an allegation of fact. However, a corporation is a creature of statute and its citizenship can be established only by compliance with the statutes. It follows that *an allegation that a corporation is a citizen of a certain state (without more) is not an allegation of fact, but a mere conclusion of law.* For the purpose of federal jurisdiction, "a corporation shall be deemed a citizen of any State by which it has been incorporated and of the State where it has its principal place of business." (28 U.S.C. § 1332[c]).

■■ Prudential alleges its principal place of business is in New Jersey— therefore, it is "deemed" to be a "citizen" of New Jersey, but that is not sufficient to establish diversity jurisdiction because there is no affirmative allegation as to the state in which it is incorporated. It could be incorporated in the State of Arizona, and be a citizen of New Jersey and a citizen of Arizona, thus destroying diversity between it and other citizens of Arizona as well as New Jersey. Similarly, the allegation about being a "New Jersey corporation" is also defective because it is a conclusion of law. The facts must be alleged from which it may be determined of which state, or states, the corporation is "deemed" to be a citizen —*i. e.* the state in which it was incorporated and the state in which it has its principal place of business.

Next, we find a complete absence of *any* allegations about the citizenships of Consolidated Roofing, Mayer Development Corporation, Mayer-Central Building Associates, Eric D. Mayer, Francine Mayer, Lawrence D. Mayer, and Pauline Mayer.

■ In compounding its errors, Prudential also failed to make proper allegations about the citizenship of each of the partners constituting Mayer-Central Building Associates. The citizenship of each member of an unincorporated association must be alleged, even though the entity might be recognized at state law as having the ability to sue and the liability to be sued. Great Southern Fire Proof Hotel Co. v. Jones, 177 U.S. 449, 20 S.Ct. 690, 44 L.Ed. 842 (1900). See also Underwood v. Maloney, 256 F.2d 334, 338 (C.A. 3 1958); United Steelworkers of America, A.F.L.-C.I.O. v. R. H. Bouligny, Inc., 382 U.S. 145, 86 S.Ct. 272, 15 L.Ed.2d 217 (1965). No attempt to comply with this rule was made by Prudential.

Perhaps in the belief that these numerous errors could be corrected in the district court by the use of fictitious "John Doe" defendants, Prudential re-

quested in its complaint that the true names of these defendants be inserted in the complaint when discovered.

In the federal courts "John Doe" casts no magical spell on a complaint otherwise lacking in diversity jurisdiction. There is no provision in the Federal Statutes or Federal Rules of Civil Procedure for use of fictitious parties. See Craig v. United States, 413 F.2d 854 (C.A. 9 1969); Roth v. Davis, 9 Cir., 231 F.2d 681; Molnar v. National Broadcasting Company, 9 Cir., 231 F.2d 684.

In *Molnar, supra,* a California citizen plaintiff claimed diversity of citizenship between herself and the defendants—N. B.C. and ten Does. She specifically alleged that "defendants, and each of them, are citizens and residents of the State of Delaware." Molnar's complaint was dismissed by the trial court because it did not affirmatively appear that none of the Does was a citizen of California.

Affirming the dismissal, this court stated:

"If the identity of defendants were known so that the pleader could state they were citizens of Delaware, she could also state their names * * * But, if the allegation that they are citizens of Delaware be, as on the face of the complaint it is, unfounded guesswork, the jurisdiction of the court is not established."

In the case at bar Prudential alleged that the "Does" and other fictitious defendants were names of defendants "unknown to plaintiff" and that none of them were citizens of New Jersey and none of them had their principal places of business in that state. Due to the ambiguous language employed by Prudential in the complaint, we are unable to determine whether Prudential meant to say that *names* of the defendants were not known or that *the Doe defendants themselves* were unknown.

By analogy with this court's reasoning in *Molnar, supra,* if the identity of the Doe defendants were known so that Prudential could state that none of them were citizens of New Jersey, or had

their principal places of business there, Prudential could also have stated the names of those defendants in the complaint. Likewise, if the identities of fictitious defendants were not known, then Prudential's negative allegations about the citizenship of those parties are "mere guesswork". The reason why the "Doe" practice could not be applicable to federal courts of limited jurisdiction is obvious.

The proper method of adding new parties in the federal courts is found in Rule 15 of the Federal Rules of Civil Procedure, with particular attention to Rule 15(c) concerning the relation back to the original pleading.

The possible remedy of remanding this case to the district court to enable Prudential to amend its complaint by making proper allegations of diversity jurisdiction, striking all references to fictitious defendants, identifying indispensable parties, and so forth, would appear not to be available because of a cardinal error committed by Prudential in making the State of Arizona a defendant in a diversity action.

This court stated in Arctic Maid v. Territory of Alaska, 297 F.2d 28, 31 (C.A. 9 1961) that "a suit between a state and a citizen of another state is not a suit between citizens of different states, since a state is not a 'citizen'. (Citations)" *Arctic Maid* is by no means the only decision to affirm the principle that neither a state nor a state agency could be a party to a diversity action. See Postal Telegraph Cable Co. v. Alabama, 155 U.S. 482, 15 S.Ct. 192, 39 L.Ed. 231 (1894); State Highway Comm. v. Utah Co., 278 U.S. 194, 49 S. Ct. 104, 73 L.Ed. 262 (1928); Broadwater-Missouri Water Users' Ass'n. v. Montana Power Co., 139 F.2d 998 (C.A. 9 1944); Lowe v. Manhattan Beach City School District, 222 F.2d 258 (C.A. 9 1955); Miller v. County of Los Angeles, 341 F.2d 964 (C.A. 9 1965); DeLong Corp. v. Oregon State Highway Comm., 343 F.2d 911 (C.A. 9 1965); State of Alaska v. K & L Distributors, Inc., 318 F.2d 498 (C.A. 9 1963); Harris v. Penn.

Turnpike Comm., 410 F.2d 1332 (C.A. 3 1969); Dacey v. Florida Bar, Inc., 414 F.2d 195 (C.A. 5 1969); Centraal Stikstof of Verkoopkantoor N. V. v. Alabama St. Docks Dept., 415 F.2d 452 (C.A. 5 1969); State of Nevada ex rel. Beko v. Reynolds Elec. & Engineering Co., 272 F.Supp. 942 (D.C.Nev.1967); Krisel v. Duran, 258 F.Supp. 845 (S.D.N.Y. 1966); Fabrizio & Martin, Inc. v. Board of Ed. Cent. Sch. Dist. No. 2, 290 F. Supp. 945 (S.D.N.Y.1968).

Under the laws of the State of Arizona, the State Tax Commission is part of the government. Campbell v. Hunt, 18 Ariz. 442, 162 P. 882 (1917); Brooks v. Kerby, 48 Ariz. 194, 60 P.2d 1074 (1936). There is no doubt that the district court was correct in terming the Commission "an agency and department of the State of Arizona" in its foreclosure decree.

■ The fact that the Tax Commission purportedly waived its Eleventh Amendment privilege not to be subject to suit cannot create diversity.

In its present posture, the case at bar seems to be infected with an incurable weakness. However, if it can be demonstrated that the Tax Commission is not an indispensable party, as defined in Shields v. Barrow, 17 U.S. (How.) 130, 15 L.Ed. 158 (1854),[3] and can be dismissed,[4] and if amendments consistent with this opinion can be made to establish diversity jurisdiction, then Prudential could renew its motion for a summary judgment on the merits. If diversity jurisdiction cannot thus be accomplished, the district court must dismiss the case. It may then be filed in the state court of general jurisdiction where it should have been filed originally.

The judgment of the district court is vacated and this case remanded for proceedings not inconsistent with this opinion.

MERRILL and KOELSCH, Circuit Judges (concurring).

We concur in Judge Byrne's result. While we do not find any real problem presented by Prudential's allegations respecting its New Jersey citizenship (Prudential may still wish to satisfy Judge Byrne on this score), we do agree that in other respects our perceptive brother, *sua sponte,* has put his finger on problems that should be straightened out and that since land titles (and potential clouds) are involved the solution he proposes—that the straightening out be accomplished in the District Court—would best assure the avoidance of future difficulties.

With respect to that solution we may add that in any appeal from a new summary judgment the briefs filed herein may be utilized and the appeal shall, by the clerk, be assigned to this panel. Unless new problems are presented requiring supplemental briefing or argument, it may be assumed that the case will be ordered submitted forthwith on the argument already had.

## ON REHEARING

### PER CURIAM.

Appellee has moved for an order of this court recalling our mandate and granting leave to appellee to file petition for rehearing. In appellee's view, proceedings below, since our mandate went down, call for a clarification of our decision and the opinions of the judges filed in connection with it.

We seen no need for recall of the mandate. Some clarification is perhaps in order.

■ We did not order dismissal save in the event jurisdiction could not be es-

---

3. "Persons who not only have an interest in the controversy, but an interest of such a nature that a final decree cannot be made without either affecting that interest, or leaving the controversy in such a condition that its final determination may be wholly inconsistent with equity and good conscience."

4. Girardi v. Lipsett, Inc., 275 F.2d 492, (C.A. 3 1960); Kerr v. Compagnie de Ultramar, 250 F.2d 860 (C.A. 2 1958); Barron and Holtzoff, Federal Practice and Procedure, Volume 1 § 26, p. 154.

tablished on remand. (See 28 U.S.C. 1653 and Rule 15(c) Federal Rules of Civil Procedure.) The lack of jurisdiction noted by us was jurisdiction to render judgment. Implicit in our order was recognition of the present power of the District Court to entertain corrective amendments and proceedings and that if the existence of jurisdiction to entertain suit was thereby established, such jurisdiction would apply retroactively and serve to perfect the authority of the court to determine a motion for summary judgment if one be made, or otherwise proceed to trial. (Unlike Dollar S.S. Lines v. Merz, 68 F.2d 594 (9th Cir. 1934), no trial was had in this case.) It was not our intention to suggest that action heretofore taken by the District Court to preserve the subject matter of suit pending final judgment would be beyond the retroactive reach of jurisdiction (subsequently established) to entertain suit.

With this clarification, the motion is denied.