541 F.2d 226
 1976-2 Trade Cases 61,051
 STATE OF ARIZONA, in its own behalf and on behalf of its
agencies, departments, commissions and political
subdivisions, et al., Plaintiffs-Appellants,
v.
COOK PAINT AND VARNISH COMPANY, a Delaware Corporation, et
al., Defendants-Appellees.
 No. 75-1232.
 United States Court of Appeals,
Ninth Circuit.
 Aug. 20, 1976.
Rehearing and Rehearing In Banc Denied Oct. 14, 1976.
 
 Philip Von Ammon, and Clavin Udall (argued), of Fennemore, Craig, Von Ammon & Udall, Phoenix, Ariz., for plaintiffs-appellants.
 Moses Lasky (argued), of Brobeck, Phleger & Harrison, San Francisco, Cal., for defendants-appellees.
 OPINION
 Before DUNIWAY, GOODWIN and SNEED, Circuit Judges.
 PER CURIAM:
 
 
 1
 The judgment is affirmed in all respects, for the reasons stated by District Judge Renfrew in his opinion, D.C.Ariz., 1975, 391 F.Supp. 962.
 
 
 2
 At oral argument, we raised a question as to the court's jurisdiction over counts two and three of the complaint. Appellants' counsel asserted that it rests (as Judge Renfrew states, 391 F.Supp. at 965) on diversity of citizenship (28 U.S.C. § 1332). Appellees' counsel responded that the presence of the state of Arizona as plaintiff destroyed the necessary diversity. We called for memoranda on the question. Appellants' memorandum now asserts that diversity jurisdiction is lacking because of the joinder of Arizona as a plaintiff, citing Arctic Maid v. Territory of Alaska, 9 Cir., 1961, 297 F.2d 28, 31. See also Fifty Associates v. Prudential Ins. Co., 9 Cir., 1970, 446 F.2d 1187, 1191. On the other hand, appellees assert that the presence of Arizona should not destroy the diversity jurisdiction over the claims of the other plaintiffs, because each plaintiff has a separate claim, and they are in the same case with each other and with Arizona only by reason of the liberal joinder provisions of the Federal Rules of Civil Procedure. Caldwell-Clements, Inc. v. Cowan Publishing Corp., S.D.N.Y., 1955, 130 F.Supp. 326, is cited. We need not decide this question, because both sides agree and so do we that the court had pendent jurisdiction over counts two and three.
 
 As appellees state:
 
 3
 This present case is a textbook example of pendent jurisdiction. The claims "derive from a common nucleus of operative fact;" the basis test is that "if, considered without regard to their federal or state character, a plaintiff's claims are such that he would ordinarily be expected to try them all in one judicial proceeding, . . . there is power in federal courts to hear the whole." Beverly Hills Nat. Bank & Tr. Co. v. Compania de Nav. Almirante (9 Cir., 1971, 437 F.2d 301, 306), citing United Mine Workers v. Gibbs (1966), 383 U.S. 715, 725 (86 S.Ct. 1130, 16 L.Ed.2d 218); Astor-Honor, Inc. v. Grosset & Dunlap, Inc., 441 F.2d 627, (629) (2 Cir., 1971); Rosado v. Wyman, (1970), 397 U.S. 397 (90 S.Ct. 1207, 25 L.Ed.2d 442). Here, the evidence necessary on Count 1 would include the evidence needed on every other count. (appellees' memorandum, page 10)
 
 
 4
 The jurisdictional question is of importance only because the trial court's judgment dismisses counts two and three, as against three defendants "with prejudice," an adjudication on the merits. (See Rule 41(a) and (b), F.R.Civ.P.). If jurisdiction over the claims stated in those counts were based on diversity of citizenship, the power of the court to enter such a judgment would be clear. If jurisdiction is pendent only, then appellants can argue, as they do that,
 
 
 5
 (i)n the event the Court's ruling on the federal antitrust claim is adverse to plaintiffs, we concede that the Court's exercise of pendent jurisdiction over the non-federal claims alleged in Counts Two and Three would not then be proper. See Williams v. United States, 405 F.2d 951 (9th Cir. 1969). (appellants' memorandum, p. 4)
 
 
 6
 Appellees do not appreciate appellants' "concession," wishing to preserve their judgment on counts two and three. We conclude that appellees are right.
 
 
 7
 Appellants cite the dictum in United Mine Workers v. Gibbs, supra, that "if the federal claims are dismissed before trial, even though not insubstantial in a jurisdictional sense, the state claims should be dismissed as well." 383 U.S. at 726, 86 S.Ct. at 1139 which we cited in Williams v. United States, supra, 405 F.2d at 955. The continued viability of the Gibbs dictum has been questioned. See Rosado v. Wyman, supra, 397 U.S. at 403-05, 90 S.Ct. 1207. Be that as it may, the question is one of discretion, not one of power (id. at 404, 90 S.Ct. 1207). See also Gibbs, supra, 383 U.S. at 726, 86 S.Ct. 1130, Hagans v. Lavine, 1974, 415 U.S. 528, 545-46, 94 S.Ct. 1372, 39 L.Ed.2d 577; Note, U.M.W. v. Gibbs and Pendent Jurisdiction, 1968, 81 Harv.L.Rev. 657, 659-60, 664-67. We find no abuse of discretion here.
 
 
 8
 This is not a case in which the district court reached out to decide a state law issue after dismissing the federal claim. Cf. Wham-O-Mfg. v. Paradise Mfg. Co., 9 Cir., 1964, 327 F.2d 748, 752-54, cited with approval in Gibbs, supra, 383 U.S. at 726 n. 16, 86 S.Ct. 1130. Here the court and the litigants had expended considerable time on the tort claims before the antitrust claim was dismissed. Additionally, in June, 1974, when the district court decided the negligence and strict liability questions, the antitrust claim, as then framed, stated a claim upon which relief could be granted. On June 12, the court ordered the motion to dismiss counts two and three "granted with prejudice." It was not until September that plaintiffs amended their antitrust count so that it no longer alleged a conspiracy to fix prices, but rather a conspiracy not to disclose the flammability characteristics of the product, an effect of which was to produce higher prices at which polyurethane sold. 391 F.Supp. at 965. We read Gibbs and Wham-O-Mfg. only to require district courts not to reach out to decide state law questions that need not be decided. That did not occur here. It was not an abuse of discretion for the district court to refuse to vacate the judgments on those state claims that it had already decided on their merits. Gray v. International Assn. of Heat & Frost Insulators, Local No. 51, 6 Cir., 1971,447 F.2d 1118, 1120.
 
 
 9
 Affirmed.
 
 SNEED, Circuit Judge (concurring):
 
 10
 I concur in the foregoing opinion. It is necessary, however, to observe that this circuit has not in all instances denied recovery for an economic loss in actions based on negligence. See Union Oil Co. v. Oppen, 501 F.2d 558 (9th Cir. 1974). Judge Renfrew, however, in this case was correct in holding that the injury set forth in Counts Two and Three is the failure of the insulation purchased by the plaintiffs to meet their expectations in terms of performance. 391 F.Supp. at 971-72. Compensation for such an injury requires the existence of an undertaking by the seller that his goods will meet such expectations. A cause of action based on such an undertaking sounds in contract, not tort.