PEOPLE OF the STATE OF CALIFORNIA ex rel. Evelle J. YOUNGER, Attorney General and California Coastal Zone Conservation Commission, Plaintiff-Appellant,

v.

Cecil D. ANDRUS, in his official capacity as Secretary of the Department of the Interior, et al., Defendants-Appellees.

No. 76–1431.

United States Court of Appeals, Ninth Circuit.

Oct. 31, 1979.

Rehearing Denied Dec. 19, 1979.

Anita Ruud, Los Angeles, Cal., for plaintiff-appellant.

Jacques B. Gelin, Washington, D. C., for defendants-appellees.

Before CHAMBERS, ELY and WALLACE, Circuit Judges.

PER CURIAM:

California appeals a district court judgment rejecting its challenges to certain aspects of the preparation, by the Department of the Interior (Interior), of a programmatic environmental impact statement (PEIS) pursuant to the National Environmental Policy Act of 1969 (NEPA), as amended, 42 U.S.C. § 4321 *et seq.*, for accelerated oil and gas leasing on the outer continental shelf. Because we conclude that California lacks standing to raise these claims, we dismiss the appeal, vacate the judgment of the district court, and remand for consideration of dismissal of the complaint.

California originally sought to compel Interior to file a PEIS before proceeding with its accelerated leasing program for areas of the outer continental shelf off the Southern California coast. By the time of trial, Interior had issued a PEIS; California then claimed that the PEIS was both untimely and inadequate. The district court refused to enjoin Interior's impending leasing of certain offshore tracts (Lease Sale 35), and rendered judgment for Interior. *California ex rel. Younger v. Morton,* 404 F.Supp. 26 (C.D.Cal.1975). The lease sale thereafter took place; this appeal followed. We asked for supplemental briefing in part on the question of California's standing in this case.

■ Interior has brought to our attention section 23 of the Outer Continental Shelf Lands Act Amendments, 43 U.S.C.A. § 1349 (West Supp.1979), enacted in 1978, limiting review of certain of the actions of the Secretary of the Interior to an appropriate court of appeals.[1] Subsections 1349(c)(1)

---

1. We asked California to brief the question of the effect of this new section on its action, but it failed to do so.

and (2) provide for such review of action of the Secretary "to approve a leasing program pursuant to section 1344 of this title" or "to approve, require modification of, or disapprove any exploration plan or any development and production plan under this subchapter." We conclude, however, that these subsections do not apply to this case. California alleged that the Secretary had violated NEPA but did not challenge Secretarial action with respect to a leasing program, exploration plan, or development and production plan itself. Thus, section 1349 contains nothing that would suggest that this case was not properly before the district court in the first instance, and it is now properly before us on appeal.

■ The question of California's standing presents a greater jurisdictional hurdle. Federal courts are courts of limited jurisdiction, and "the presumption is that [we are] without jurisdiction unless the contrary affirmatively appears." *Fifty Associates v. Prudential Insurance Co. of America,* 446 F.2d 1187, 1190 (9th Cir. 1970). We require at least that the plaintiff "have alleged (a) a particularized injury (b) concretely and demonstrably resulting from defendants' action (c) which injury will be redressed by the remedies sought." *Bowker v. Morton,* 541 F.2d 1347, 1349 (9th Cir. 1976) (footnote omitted). *Port of Astoria, Oregon v. Hodel,* 595 F.2d 467, 474 & n. 6 (9th Cir. 1979).

We asked California to demonstrate its standing to raise the questions of PEIS timing and adequacy at issue here and to specify those portions of the record supporting its standing. But California has told us only that it relinquishes neither its claims regarding the timing and adequacy questions nor its claims regarding Lease Sale 35. It has not told us what injury it suffers from the asserted violations of NEPA; indeed, it has specifically said that it does not desire to "undo" outer continental shelf leasing activity which has occurred. The requirement of injury is imposed by the constitutional limitations on our jurisdic-

tion, *Village of Arlington Heights v. Metropolitan Housing Dev. Corp.,* 429 U.S. 252, 260–61, 97 S.Ct. 555, 50 L.Ed.2d 450 (1977); *Warth v. Seldin,* 422 U.S. 490, 498–99, 95 S.Ct. 2197, 45 L.Ed.2d 343 (1975), and here California's failure even to articulate that injury is fatal to its claims.

■ We recognize that we have created a "broad test" for determining whether an asserted injury in fact is sufficient to support standing where failure to prepare an EIS is at issue. *City of Davis v. Coleman,* 521 F.2d 661, 671 (9th Cir. 1975). But we have not eliminated the requirement of injury. "[B]roadening the categories of injury that may be alleged in support of standing is a different matter from abandoning the requirement that the party seeking review must himself have suffered an injury." *Sierra Club v. Morton,* 405 U.S. 727, 738, 92 S.Ct. 1361, 1368, 31 L.Ed.2d 636 (1972).

■ Because California has failed to articulate the injury it suffers, we conclude that we have no jurisdiction over this case. We dismiss the appeal for lack of standing. We cannot discern from the record before us whether California had standing in the district court.[2] Therefore, we vacate the judgment of the district court and remand for consideration of dismissal of the action for lack of jurisdiction.

APPEAL DISMISSED; VACATED AND REMANDED.

**2.** Though the district judge ordered the action dismissed, 404 F.Supp. at 33, it is apparent that this followed judgment for Interior.