9 F.3d 1552
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Gregory C. KRUG, Plaintiff-Appellant,
v.
Paul T. COLEMAN; Heiskell, Donelson, Bearman, Adams,
Williams & Kirsch, Defendants-Appellees.
 No. 93-55608.
 United States Court of Appeals, Ninth Circuit.
 Submitted Nov. 1, 1993.*
Decided Nov. 8, 1993.
 
 Before: SCHROEDER, D.W. NELSON, and THOMPSON, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Gregory Krug appeals pro se the district court's dismissal of his libel action for lack of subject matter jurisdiction. We have jurisdiction pursuant to 28 U.S.C. § 1291. We review de novo a district court's dismissal for lack of subject matter jurisdiction. Kruso v. International Tel. & Tel. Corp., 872 F.2d 1416, 1421 (9th Cir.1989), cert. denied, 496 U.S. 937 (1990). We reverse and remand.
 
 
 3
 Krug filed a complaint against attorney Paul Coleman and the law firm of Heiskell, Donelson, Bearman, Adams, Williams & Kirsch for allegedly libelous statements. Krug asserted diversity jurisdiction under 28 U.S.C. § 1332. Krug alleged that he was a resident of California and that Coleman and the law firm were residents of Tennessee. The magistrate judge issued Krug an order to show cause ("OSC") why the complaint should not be dismissed for lack of subject matter jurisdiction, noting that diversity jurisdiction depended upon the citizenship, not the residence, of the parties. The magistrate judge permitted Krug to file an amended complaint in response to the OSC.
 
 
 4
 Krug thereafter filed an amended complaint, asserting that Krug was a "citizen and resident of California" and that Coleman and the law firm, a corporation, were "citizens and residents of Tennessee." The district court dismissed without prejudice Krug's amended complaint for lack of subject matter jurisdiction.
 
 
 5
 A plaintiff may not invoke diversity jurisdiction of the federal courts unless each defendant is a citizen of a different state than each plaintiff. 28 U.S.C. § 1332; Inecon Agricorp. v. Tribal Farms, Inc., 656 F.2d 498, 500 (9th Cir.1981). A corporate defendant is a citizen of the state where it is incorporated and the state where it has its principal place of business. 28 U.S.C. § 1332(c)(1). "[A]n allegation that a corporation is a citizen of a certain state (without more) is not an allegation of fact, but a mere conclusion of law." Fifty Assocs. v. Prudential Ins. Co. of America, 446 F.2d 1187, 1190 (9th Cir.1970). Thus, the mere statement that a corporate defendant is a citizen is inadequate to establish diversity jurisdiction. See id.
 
 
 6
 Here, Krug's amended complaint alleges only that the corporate law firm was a citizen of Tennessee. This allegation is insufficient to establish diversity jurisdiction because there is no affirmative statement as to the state in which the law firm is incorporated or the state in which it has its principal place of business. See id. Nevertheless, because Krug is pro se, the court should have told Krug what is required to allege citizenship of a corporation. The district court then should have allowed Krug an opportunity to amend his complaint to allege the facts establishing the law firm's citizenship.
 
 
 7
 The district court suggested that Krug's action involves unnamed plaintiffs whose presence in the action would destroy diversity. If there are unnamed plaintiffs who are indispensable to this action and who are Tennessee citizens, then complete diversity would be destroyed. But Krug's complaint alleges that he is the sole trustee of the Carol E. Krug 1974 Trust and further alleges damage to his reputation as a certified public accountant, i.e. harm to himself as an individual. Krug's claims, therefore, do not appear to affect any unnamed plaintiffs. See Fed.R.Civ.P. 19(b), 21.[1]
 
 
 8
 REVERSED AND REMANDED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 A party may be dismissed from an action to perfect subject matter jurisdiction. Fed.R.Civ.P. 21