56 F.3d 73
NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
 UNITED STATES of America, Plaintiff-Appellee,
v.
Ernest C. ALDRIDGE, Defendant-Appellant.
 No. 94-10364.
 United States Court of Appeals, Ninth Circuit.
 Submitted May 2, 1995.*
Decided May 5, 1995.
 
 Before: WALLACE, Chief Judge, HUG and NOONAN, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Ernest C. Aldridge appeals his two 2-month consecutive sentences of imprisonment imposed upon revocation of his term of probation. Aldridge contends the district court erred first, by originally imposing the sentence of probation against his objections, and second, imposing two consecutive terms of imprisonment upon revocation of probation. We have jurisdiction under 28 U.S.C. Sec. 1291, and we affirm.
 
 
 3
 Aldridge was found guilty of two counts of criminal contempt for failure to appear at two hearings in violation of 18 U.S.C.
 
 
 4
 The existence of subject matter jurisdiction is a question of law reviewed de novo. Nike, Inc. v. Comercial Iberica De Exlusivas, 20 F.3d 987, 990 (9th Cir. 1994).
 
 
 5
 Federal district courts are vested with original jurisdiction in all civil actions involving federal questions or where the parties are diverse. 28 U.S.C. Secs. 1331, 1332(a). Diversity jurisdiction exists in all civil actions where the amount in controversy exceeds $50,000 and each defendant is a citizen of a different state than each plaintiff. Lew v. Moss, 797 F.d 747, 749 (9th Cir. 1986); 28 U.S.C. Sec. 1332(a)(1). A corporation is a citizen of any state where it is incorporated as well as the state where it has its principal place of business. Fifty Assoc. v. Prudential Ins. Co. of Am., 446 F.2d 1187, 1190 (9th Cir. 1970); 28 U.S.C. Sec. 1332(c)(1). An individual is a citizen of the state in which he or she is domiciled. Lew, 797 F.2d at 749.
 
 
 6
 The party seeking the exercise of jurisdiction must allege sufficient facts in his complaint to establish jurisdiction. Fifty Assoc., 446 F.2d at 1190. Further, where corporations are involved, the party seeking jurisdiction must allege the state of the corporation's principal place of business as well as the state of incorporation. Id. Pro se litigants, however, are held to less stringent pleading standards for satisifying diversity jurisdiction. Mann v. City of Tucson, Dept. of Police, 782 F.2d 790, 794 (9th Cir. 1986).
 
 
 7
 The district court found that there was no basis for federal jurisdiction in this case. Here, Izmailov's complaint indicates that she resides in Los Angeles, California, and that defendant St. Luke's is located in New York City, New York. Further, on the civil cover sheet Izmailova indicates that St. Luke's was incorporated and has its principal place of business in a state other than California. Thus, on the basis of the record below, it would appear that the parties may be diverse. Accordingly, we remand to the district court for further proceedings.
 
 
 8
 VACATED AND REMANDED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed. R. App. P. 34(a); 9th Cir. R. 34-4. Thus, Aldridge's request for oral argument is denied
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36-3