**WINDWARD CITY CENTER OF HAWAII, a Hawaii limited partnership, Plaintiff,**

v.

**TRANSAMERICA OCCIDENTAL LIFE INSURANCE COMPANY, formerly known as Occidental Life Insurance Company of California, a California corporation, Defendant.**

**Civ. No. 83–0357.**

United States District Court, D. Hawaii.

July 30, 1985.

James Paul, Honolulu, Hawaii, Kenneth J. Adelson, Terence N. Church, San Francisco, Cal., for plaintiff.

William S. Miller, Honolulu, Hawaii, for defendant.

ORDER GRANTING MOTION TO DISMISS FOR LACK OF SUBJECT MATTER JURISDICTION

FONG, Chief Judge.

Defendant's motion to dismiss for lack of subject matter jurisdiction came on for hearing before the Honorable Harold M. Fong on April 9, 1985. James T. Paul and Kenneth J. Adelson appeared on behalf of

with full force to the Foreign Service). The Court does not reach this issue in light of its

conclusion in this case.

plaintiff, and William S. Miller represented defendant. The court, having reviewed the memoranda filed in support of and in opposition to the motion, having considered the arguments of counsel, and being otherwise advised of the premises herein, finds as follows:

## FACTUAL BACKGROUND

On March 29, 1983, plaintiff filed this action for declaratory judgment with respect to a promissory note and mortgage, both of which were executed on July 21, 1971. Extensive discovery occurred, hearings were held on various discovery and dispositive motions, and trial was scheduled to commence April 2, 1985.

Less than one week before trial was scheduled to begin, defendant filed this motion to dismiss for lack of subject matter jurisdiction. Defendant argues that the requisite diversity of citizenship between the parties is lacking.

It is undisputed that at the time that this suit was initiated plaintiff was a Hawaii limited partnership consisting of a Hawaii corporation as the sole general partner and several limited partners, some of whom are citizens of California.[1] Defendant is a California corporation with its principal place of business in California.

## DISCUSSION

Plaintiff has asserted jurisdiction under 28 U.S.C. § 1332, which states in part:

(a) The district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $10,000, exclusive of interest and costs, and is between—

(1) citizens of different States; ....

■ The Supreme Court has repeatedly held that the citizenship of an unincorporated association, for jurisdictional purposes, is deemed to be that of each of its members. *See, e.g., Chapman v. Barney,* 129 U.S. 677, 9 S.Ct. 426, 32 L.Ed. 800 (1889) (joint stock company); *Great Southern Fire Proof Hotel Co. v. Jones,* 177 U.S. 449, 20 S.Ct. 690, 44 L.Ed. 842 (1900) ("limited partnership," where all partners were of same status); *United Steelworkers of America v. R.H. Bouligny, Inc.,* 382 U.S. 145, 86 S.Ct. 272, 15 L.Ed.2d 217 (1965) (labor union).

The Supreme Court, however, has reserved ruling on the issue of whether, in the case of a two-tiered limited partnership consisting of both general and limited partners, the court should consider the citizenship of all the partners or only the general partners. *See Navarro Savings Association v. Lee,* 446 U.S. 458, 475 n. 6, 100 S.Ct. 1779, 1789 n. 6, 64 L.Ed.2d 425 (1980) (Blackmun, J., dissenting).

The first court of appeal to address the issue was the Second Circuit in *Colonial Realty Corp. v. Bache & Co.,* 358 F.2d 178 (2d Cir.), *cert. denied,* 385 U.S. 817, 87 S.Ct. 40, 17 L.Ed.2d 56 (1966). That court held that diversity between the plaintiff and all the general partners of defendant was sufficient to permit that court to exercise jurisdiction. The court noted that under the applicable New York statute a limited partner is not a proper party to proceedings by or against a partnership, except where the object of the suit is to enforce a limited partner's right against or liability to the partnership.

The Third Circuit rejected the *Colonial Realty* approach in *Carlsberg Resources Corp. v. Cambria Savings & Loan Association,* 554 F.2d 1254 (3d Cir.1977). The

---

1. Exhibits submitted by defendant indicate that plaintiff's corporate general partner, Mactra, Inc., was dissolved on November 9, 1984, for failure to file an annual exhibit for a period of two years as required by Hawaii Rev.Stat. § 416–122 (1976). It appears, therefore, that at the present time plaintiff may not be a valid limited partnership, as defined by Hawaii state law. *See* Hawaii Rev.Stat. § 425–21 (1976).

Nevertheless, it is axiomatic that "[w]hether federal diversity jurisdiction exists is determined by examining the citizenship of the parties at the time the action is commenced." 13B C. Wright, A. Miller & E. Cooper, *Federal Practice and Procedure: Jurisdiction 2d* § 3608 at 448 (1984). *See, e.g., World Communications Corp. v. Micronesian Telecommunications Corp.,* 456 F.Supp. 1122 (D.Hawaii 1978).

court stated that it was "troubled by the readiness with which *Colonial Realty* engrafts capacity-to-sue rules to the traditional requirements of diversity jurisdiction." *Id.* at 1260. Such an approach would "empower state legislators or state courts to determine the perimeters of federal jurisdiction." *Id.* at 1261. The *Carlsberg* court also noted that neither Congress nor the Supreme Court has given any indication that the citizenship of limited partners should be ignored for diversity purposes. Finally, the court found that the principles of judicial economy and federalism militated against endorsing the Second Circuit approach.

Subsequent to *Carlsberg*, the Supreme Court decided *Navarro*. The Court held that trustees of a business trust could invoke federal diversity jurisdiction on the basis of their own citizenship, rather than that of the trust's beneficial shareholders. The Court held that the trustees were the "real parties to the controversy" because they held legal title, managed the assets, and controlled the litigation. *Id.* 446 U.S. at 465, 100 S.Ct. at 1784.

In *Trent Realty Associates v. First Federal Savings & Loan Ass'n of Philadelphia*, 657 F.2d 29 (3d Cir.1981), the Third Circuit was asked to re-examine its position in light of the Supreme Court's holding in *Navarro*. The Third Circuit found "nothing in the Court's opinion" which would require it to reconsider its position on this issue. *Id.* at 32.

The only other court of appeal which has addressed this issue is the Seventh Circuit in *Elston Investment Ltd. v. David Altman Leasing Corp.*, 731 F.2d 436 (7th Cir. 1984). That court found "the Third Circuit's view to be more consonant with Supreme Court precedent" and rejected the approach of the Second Circuit. *Id.* at 438.[2]

The Ninth Circuit has not addressed this issue. Further, it appears that no district court in this circuit has confronted the issue.

In *Fifty Associates v. Prudential Insurance Co. of America*, 446 F.2d 1187 (9th Cir.1970), however, the Ninth Circuit did briefly touch upon a tangential issue. In holding that the plaintiff's allegations of diversity jurisdiction were insufficient, the court stated:

> The citizenship of each member of an unincorporated association must be alleged, even though the entity might be recognized at state law as having the ability to sue and the liability to be sued.

*Id.* at 1190.

## CONCLUSION

The court finds the approach espoused by the Third and Seventh Circuits to be more persuasive for several reasons.

First, decades of Supreme Court rulings have firmly established the general rule that in evaluating the existence of diversity jurisdiction, a court must consider the citizenship of each member of an unincorporated association. The Supreme Court's recent decision in *Navarro* does not evidence a departure from this long-standing rule. The *Navarro* Court began its opinion by reaffirming the general rule and the holdings of *Chapman v. Barney*, 129 U.S. 677, 9 S.Ct. 426, 32 L.Ed. 800 (1889), *Great Southern Fire Proof Hotel Co. v. Jones*, 177 U.S. 449, 20 S.Ct. 690, 44 L.Ed. 842 (1900), and *United Steelworkers of America v. R.H. Bouligny*, 382 U.S. 145, 86 S.Ct. 272, 15 L.Ed.2d 217 (1965). Further, the Court specifically grounded its holding in "more than 150 years" of law which "has permitted trustees ... to sue in their own right, without regard to the citizenship of

---

**2.** The Fifth Circuit, in dictum, has found the Second Circuit analysis more persuasive than the Third Circuit approach. *Lee v. Navarro Savings Ass'n*, 597 F.2d 421 (5th Cir.1979), *aff'd*, 446 U.S. 458, 100 S.Ct. 1779, 64 L.Ed.2d 425 (1980). Further, the issue has been recognized but not decided by two other courts of appeal. *See Missouri-Indiana Investment Group v. Shaw*, 699 F.2d 952, 957 n. 6 (8th Cir.1983); *Anchorage-Hynning & Co. v. Moringiello*, 697 F.2d 356, 357 n. 1 (D.C.Cir.1983).

the trust beneficiaries." 446 U.S. at 465–466, 100 S.Ct. at 1784.[3]

Second, in *Fifty Associates v. Prudential Insurance Company of America*, 446 F.2d 1187 (9th Cir.1970), the Ninth Circuit acknowledged this general rule and held further that this rule is applicable regardless of whether the unincorporated association could or could not be sued under state law. Thus, the Ninth Circuit may have tacitly rejected the approach of the Second Circuit in *Colonial Realty* which based its exception on the fact that limited partners are not liable in most actions under New York law. *See Colonial Realty*, 358 F.2d at 183–84.

Third, as noted by Professors Wright, Miller, and Cooper, the Third Circuit approach "streamlines the determination of jurisdiction and advances the policy of restricting diversity jurisdiction to those cases in which it is clearly appropriate." 13B C. Wright, A. Miller & E. Cooper, *Federal Practice and Procedure: Jurisdiction 2d* § 3630 at 701 (1984).

The court recognizes that the position adopted herein may have the effect of precluding large numbers of litigants from access to a federal forum. As stated by the Supreme Court in *United Steelworkers v. R.H. Bouligny, Inc.*, 382 U.S. 145, 150–51, 86 S.Ct. 272, 274–75, 15 L.Ed.2d 217 (1965), however, "these arguments, however appealing, are addressed to an inappropriate forum, and ... pleas for extension of the diversity jurisdiction to hitherto uncovered broad categories of litigants ought to be made to the Congress and not to the courts."

 Therefore, in the absence of controlling authority to the contrary, this court will continue to adhere to the general rule that for purposes of determining diversity jurisdiction, the court must consider the citizenship of each member of an unincorporated association. In light of the undisputed fact that some of plaintiff's limit-

ed partners are citizens of California, and in view of the fact that defendant is a California corporation with its principal place of business in California, the court finds that the requisite complete diversity is lacking here.

ACCORDINGLY, defendant's motion to dismiss for lack of subject matter jurisdiction is hereby GRANTED.

---

**3.** *Compare Wroblewski v. Brucher*, 550 F.Supp. 742 (W.D.Okla.1982) and *Sixth Geostratic Energy Drilling Program 1980 v. Ancor Exploration Co.*, 544 F.Supp. 297 (N.D.Okla.1982) (applying rationale of *Navarro* and concluding that only citizenship of general partners should be considered).