**SAGE INVESTORS, Plaintiff,**

v.

**GROUP W CABLE, INC., Defendant.**

**Civ. 86–1061 PHX RCB.**

United States District Court,
D. Arizona.

Nov. 19, 1986.

Roger R. Marce, Phoenix, Ariz., for plaintiff Sage Investors.

Douglas L. Irish, Glenn S. Bacal, Lewis and Roca, Phoenix, Ariz., for defendant Group W Cable.

## ORDER

BROOMFIELD, District Judge.

This case involves two cable equipment leasing contracts. One lease involves cable television equipment in Manhattan, New York while the other involves cable equipment in Los Angeles, California. Plaintiff, Sage Investors (Sage), succeeded to the interest of the lessor (Paoli Leasing Company) and defendant, Group W (GW), succeeded to the interest of the lessees (Theta Cable System and Teleprompter-Manhattan Cable System) under the lease. Upon expiration of the leases on June 30, 1985, GW refused to return the equipment to Sage. GW alleged it properly exercised the pur-.chase option in the leases and therefore owned the equipment.

Sage subsequently filed this action in the Superior Court in Maricopa County seeking damages and the return of the equipment. GW removed the case to this court pursuant to 28 U.S.C. § 1446(e) on the basis of diversity of citizenship between the parties. Sage is a Pennsylvannia limited partnership and GW is a New York corporation. The court now has three motions before it. First, GW moves to dismiss the case against it for the lack of personal jurisdiction pursuant to Fed.R.Civ.P. 12(b)(2). Second, Sage moves to remand the case to the Superior Court pursuant to 28 U.S.C. § 1447(c). Third, GW moves to transfer the case to the Southern District of New York pursuant to 28 U.S.C. § 1404(a). The court will consider the motions in the order listed above.

## MOTION TO DISMISS

GW argues it lacks the requisite minimum contacts with Arizona for this court's conferral of personal jurisdiction over it. It asserts the two leases at issue were negotiated and executed in New York. Except for the mailing of partial rent payments to Arizona, GW notes the parties performed the leases entirely in New York and California. It concludes Arizona has no interest in adjudicating a dispute regarding property located elsewhere, between parties located elsewhere, and gov-

erned explicitly by choice of law provisions providing for California and New York law to govern each lease.

Although GW asserts it lacks the requisite minimum contacts, it operates a standard cable television system in Yavapai County, Arizona. Despite its presence in the state, GW contends its business operation in Arizona is not connected with this lawsuit and therefore does not provide sufficient contacts for personal jurisdiction purposes.

To establish the existence of personal jurisdiction in a diversity case, the plaintiff must first show that the forum's statute confers personal jurisdiction over the nonresident defendant and must secondly show the exercise of jurisdiction accords with the federal constitutional principles of due process. *Haisten v. Grass Valley Medical Reimbursement Fund, Ltd.*, 784 F.2d 1392, 1396 (9th Cir.1986). Arizona's long arm statute establishes personal jurisdiction over nonresident defendants to the maximum extent permitted by due process. *Gates Learjet Corp. v. Jensen*, 743 F.2d 1325, 1330 (9th Cir.1984), *cert. denied*, 471 U.S. 1066, 105 S.Ct. 2143, 85 L.Ed.2d 500 (1985); *Houghton v. Piper Aircraft Corp.*, 112 Ariz. 365, 367, 542 P.2d 24, 26 (1975). Due process requires that a defendant have certain minimum contacts with the forum so that maintenance of the suit does not offend traditional notions of fair play and substantial justice. *International Shoe Co. v. Washington*, 326 U.S. 310, 316, 66 S.Ct. 154, 158, 90 L.Ed. 95 (1945).

To satisfy this due process requirement, plaintiff must prove either "general jurisdiction" or "limited jurisdiction" exists. *Gates*, at 1330. A sufficient relationship between the defendant and Arizona exists to support general jurisdiction if plaintiff can demonstrate the defendant's activities within Arizona are "substantial" or "con-

tinuous and systematic" even if the claim is unrelated to those activities. *Haisten*, at 1396, *Gates*, at 1330, *Data Disc, Inc. v. Systems Technology Associates, Inc.*, 557 F.2d 1280, 1287 (9th Cir.1977). The court must focus on the economic reality of the defendant's activities in examining whether general jurisdiction exists. *Gates*, at 1331.

■ In examining GW's activities within Arizona, the court finds GW's activities in the state "continuous and systematic" for general jurisdiction to exist. GW's operation of a CATV system in Yavapai County is sufficient activity for the court's exercise of general jurisdiction over it. The fact GW's Arizona operations are unrelated to the lawsuit is irrelevant. *See Haisten*, at 1396. GW's registration with the Arizona Corporation Commission, its solicitation of CATV subscribers, and its maintenance of a CATV system in the state provide an ample basis for the existence of general jurisdiction. Thus, the court denies GW's motion to dismiss.[1]

## MOTION TO REMAND

Sage next moves to remand this case to the Superior Court pursuant to 28 U.S.C. § 1447(c) and asks the court to assess costs against GW for improvident removal. The basis of Sage's remand motion is that there is a lack of complete diversity of citizenship between the parties as required by *Strawbridge v. Curtiss*, 7 U.S. (3 Cranch) 267, 2 L.Ed. 435 (1806). If complete diversity of citizenship does not exist between the parties, this court lacks subject matter jurisdiction in this case. *Id.*

■ Sage argues diversity does not exist because GW is a New York corporation and one of Sage's limited partner's is a citizen of New York. Sage points out that the accepted rule of law for unincorporated associations such as a limited partnership is that the citizenship of all members is rele-

---

1. GW cited *Burger King Corp. v. Rudzewicz,* 471 U.S. 462, 105 S.Ct. 2174, 85 L.Ed.2d 528 (1984), at oral argument to assert it is unfair to require GW to defend this suit in Arizona. *Burger King* applies to those cases where limited (or specific) jurisdiction exists. *Id.* at 473, n. 15, 105 S.Ct. at 2182, n. 15. In particular, it applies to whether a defendant's act constitutes purposeful avail-

ment of the benefits and protections of the forum's law and whether the assertion of jurisdiction over the defendant is reasonable. *Id.* at 475–76, 105 S.Ct. at 2183–84. *See also Haisten v. Grass Valley Medical Reimbursement Fund, Ltd.,* 784 F.2d 1392, 1397 (9th Cir.1986). *Burger King* is inapplicable to GW's case because the court finds general jurisdiction exists here.

vant for diversity purposes. Since the fact one of Sage's limited partners is a citizen of New York appears on the face of the complaint, Sage claims GW improvidently removed the case to federal court. GW argues its petition for removal was proper because the better rule of law is that a limited partner's citizenship is irrelevant for diversity purposes.

The issue Sage's motion raises is whether a limited partner's citizenship should be counted in determining whether complete diversity exists. A division among the circuits exists on whether to count a limited partner's citizenship for purposes of diversity jurisdiction. Those circuits not counting the citizenship of a limited partner include the Second and Fifth Circuits. *See Colonial Realty Corp. v. Bache & Co.,* 358 F.2d 178 (2d Cir.1966), *cert. denied,* 385 U.S. 817, 87 S.Ct. 40, 17 L.Ed.2d 56 (1966); *Lee v. Navarro Savings Assn.,* 597 F.2d 421 (5th Cir.1979), *aff'd, Navarro Savings Assn, v. Lee,* 446 U.S. 458, 100 S.Ct. 1779, 64 L.Ed.2d 425 (1980); and *Mesa Operating Ltd. Partnership v. Louisiana Intrastate Gas,* 797 F.2d 238 (5th Cir.1986). Those circuits adhering to the traditional view holding a limited partner's citizenship is relevant for diversity purposes include the Third, Fourth, and Seventh Circuits. *See Carlsberg Resources Corp. v. Cambria Savings and Loan Assn.,* 554 F.2d 1254 (3d Cir.1977); *Trent Realty Associates v. First Fed. Savings and Loan Assn. of Philadelphia,* 657 F.2d 29 (3d Cir.1981); *New York State Teachers Retirement System v. Kalkus,* 764 F.2d 1015 (4th Cir. 1985); *Elston Investment Ltd. v. David Altman Leasing Corp.,* 731 F.2d 436 (7th Cir.1984); *Stockman v. LaCroix,* 790 F.2d 584 (7th Cir.1986). The Court of Appeals for the Ninth Circuit has not dealt with this exact issue although the District Court in Hawaii has considered this same issue and held that a limited partner's citizenship is relevant for diversity purposes. *Windward City Ctr. of Hawaii v. Transamerica Occidental Life. Ins. Co.,* 613 F.Supp. 1216, 1219 (D.HAW.1985).

Since there is no controlling authority on this issue in the Ninth Circuit, the court must look for direction from the various Supreme Court cases dealing with diversity of citizenship and unincorporated associations. After reviewing these cases, it is clear that a limited partner's citizenship is relevant for diversity purposes. Most recently the Supreme Court in *Navarro Savings Assn. v. Lee,* 446 U.S. 458, 100 S.Ct. 1779, 64 L.Ed.2d 425 (1980), reiterated the traditional rule that the citizenship of all members of an unincorporated association is relevant for determining whether complete diversity exists. There, the Court stated:

> [U]nincorporated associations remain mere collections of individuals. When the "persons composing such association" sue in their collective name, they are the parties whose citizenship determines the diversty jurisdiction of a federal court. *Great Southern Fire Proof Hotel Co. v. Jones,* 177 U.S. 449, 456, 20 S.Ct. 690, 693, 44 L.Ed.2d 842 (1900) (limited partnership); see *Steelworkers v. Bouligny, Inc.,* 382 U.S. 145, 86 S.Ct. 272, 15 L.Ed.2d 217 (1965) (labor union); *Chapman v. Barney,* 129 U.S. 677, 9 S.Ct. 426, 32 L.Ed.2d 800 (1889) (joint stock company).

Although the Fifth Circuit used the *Navarro* decision as a basis to hold the citizenship of only the general partners in a limited partnership is determinative in diversity cases, *Mesa Operating Ltd. Partnership v. Louisiana Intrastate Gas,* 797 F.2d 238, 242–43 (5th Cir.1986), this court notes that the *Navarro* Court expressed no view on the diversity issue presented when a party is a limited partnership. *Navarro,* at 475 n. 6, 100 S.Ct. at 1789 n. 6 (Blackmun, J., dissenting). The rationale of the *Mesa Operating* case and the other cases not considering a limited partner's citizenship for diversity jurisdiction is in conflict with the Supreme Court's decision in *Chapman v. Barney,* 129 U.S. 677, 9 S.Ct. 426, 32 L.Ed. 800 (1889). *Mesa Operating* distinguished *Great Southern Fire Proof Hotel Co. v. Jones, supra,* and *Steelworkers v. Bouligny, Inc., supra,* as dealing with only one class of persons whereas the modern limited partnership deals with two classes of persons. The Fifth Circuit noted in a limit-

ed partnership, the power to control and manage assets and litigation rests solely with one class of members—the general partners. The court emphasized that where it is possible to clearly identify one class of members as the real party controlling the lawsuit, the citizenship of that class alone is relevant for diversity jurisdiction. *Mesa Operating,* at 240.

Despite the reasoning of the *Mesa Operating* court, its conclusion violates the Supreme Court's *Chapman v. Barney* decision. The *Chapman* Court held that the citizenship of a joint stock company, which it referred to as a mere partnership, was the citizenship of each of the company's members. *Chapman,* at 682, 9 S.Ct. at 427. Significantly, the company in *Chapman* had two classes of membership. One class consisted of the president, who had the capacity to sue, and the other class consisted of the remaining members. Even in light of this distinction, the Court stated the citizenship of all association members was relevant in determining whether complete diversity existed. The Court did not attempt to determine which of the classes were the real parties in interest controlling the litigation. *Id. See also New York State Teachers Retirement System v. Kalkus,* 764 F.2d 1015, 1017 (4th Cir.1985) and *Carlsberg Resources Corp. v. Cambria Savings & Loan Assn.,* 554 F.2d 1254, 1258–59 (3d Cir.1977).

The Ninth Circuit appears to adhere to the traditional view of looking at the citizenship of all members of an unincorporated association. In *Fifty Associates v. Prudential Ins. Co. of America,* 446 F.2d 1187, 1190 (9th Cir.1970), the court in holding the plaintiff's allegations of diversity jurisdiction were insufficient stated:

> The citizenship of each member of an unincorporated association must be alleged, even though the entity might be recognized at state law as having the ability to sue and the liability to be sued.

*Id.* at 1190. *See also Windward City Ctr. of Hawaii v. Transamerica Occidental Life Ins. Co.,* 613 F.Supp. 1216, 1218–19 (D.HAW.1985). Even though the Ninth Circuit has not explicitly ruled upon the exact issue before the court, the Supreme Court's decisions in this area provide a clear choice for the court. GW makes a persuasive argument for ignoring a limited partner's citizenship for diversity jurisdiction purposes; however, it is not within this court's power to make such a determination. Such pleas to extend the diversity of federal courts should be made to Congress and not to the courts. *United Steelworkers of America v. Bouligny,* 382 U.S. 145, 150–51, 86 S.Ct. 272, 275, 15 L.Ed.2d 217 (1965). The court therefore holds that a limited partner's citizenship is relevant in determining whether diversity jurisdiction exists.

The court grants Sage's motion to remand this case to the superior court. Due to the lack of Ninth Circuit authority on this issue and the division among the circuits considering the issue, the court declines to award Sage costs for GW's removal of the case to the federal court. The court cannot say that GW's removal action was improvident due to the confusion among the circuits on a limited partner's citizenship for diversity purposes.

Since complete diversity is lacking between the parties, the court declines to consider GW's alternative motion to transfer as well as Sage's pending motion for partial summary judgment and alternative motion to narrow issues of fact.

IT IS ORDERED denying defendant's, Group W Cable Corp., motion to dismiss for lack of personal jurisdiction.

IT IS FURTHER ORDERED granting plaintiff's, Sage Investors, motion to remand this case to the Superior Court in Maricopa County.