**FINALCO EQUIPMENT INVESTORS X, Limited Partnership, Plaintiff,**

v.

**James C. WELCH and Sandra Welch, Defendants.**

**And related counterclaim.**

**No. C 86–5349 SC.**

United States District Court, N.D. California.

March 15, 1989.

George J. Ziser, Michael K. Johnson, Moore, Clifford, Wolfe, Larson & Troutner, Oakland, Cal., for plaintiff.

Ronald Foreman, Charles Miller, Foreman & Brasso, San Francisco, Cal., for defendants.

### ORDERS RE: MOTION TO DISMISS; MOTION TO SUBSTITUTE PARTY

CONTI, District Judge.

### I. BACKGROUND

In July, 1983, defendants James C. Welch and Sandra Welch executed a $150,-000 promissory note to plaintiff Finalco Equipment Investors X, (Finalco Equipment), in connection with defendants' purchase into Finalco Equipment, a limited partnership. Finalco Equipment brought this diversity action, seeking judgment on the note, alleging that defendants had defaulted. The matter is presently before the court on two related motions: defendants' motion to dismiss for lack of subject matter jurisdiction and plaintiff's motion to substitute the real party in interest.

Defendants' motion challenges jurisdiction on the ground that the uncontested presence of nine California residents among the limited partners of Finalco Equipment destroys diversity, as the defendants are California residents as well.

Plaintiff has responded to this motion by asserting that, in a suit brought by a limited partnership, only the citizenship of the general partners should be considered for the purpose of establishing diversity and by making its own motion to substitute what plaintiff alleges is the real party in interest as the true (and diverse) new plaintiff. Plaintiff's motion declares that, prior to the institution of this lawsuit, plaintiff, Finalco Equipment, assigned the note in question to a Virginia corporation, Finalco, Inc., ("Corporation"). However the record is extremely unclear regarding this alleged assignment.

In its initial verified complaint, filed in 1986, plaintiff submitted a copy of the note, upon which it claimed it was suing, as exhibit A. The note showed a typed interest rate of 15% and a hand written interlineation wherein the interest rate was changed to 13%. The complaint itself stated, at paragraph 4, that the note carried a 13% interest rate. The note showed no evidence of assignment to a third party.

According to the plaintiff's current motion, the note in question was assigned to the Corporation before the end of 1983. As proof, plaintiff has submitted a declaration to that effect by David Cook, a Vice President of the Corporation, and what declarant Cook swears is a true and correct copy of the note. However, inspection of the copy provided in the plaintiff's motion reveals material differences between that copy and the copy provided by the plaintiff in the initial verified complaint. The second copy provided by the plaintiff is dated in an obviously different handwriting, refers to an interest rate of 15% and includes an additional, undated, section assigning the note to the Corporation.

The plaintiff's present attorneys, who did not prepare the initial complaint, have no explanation for these inconsistencies. Nor do they offer any reason why the lawsuit was prosecuted for over two years by plaintiff Finalco Equipment, if Finalco Equipment had assigned the note, holding no further interest in it, over two years before the litigation even commenced.

## II. DISCUSSION

Federal courts are courts of limited jurisdiction, having subject matter jurisdiction only over matters authorized by the Constitution and Congress. *Bender v. Williamsport Area School District,* 475 U.S. 534, 541, 106 S.Ct. 1326, 1331, 89 L.Ed.2d 501 (1986), *reh'g denied* 476 U.S. 1132, 106 S.Ct. 2003, 90 L.Ed.2d 682 (1986). Jurisdiction may be based on diversity of citizenship and the diversity requirement has meant that all plaintiffs must have a different citizenship from all defendants. 28 U.S.C. § 1332; *Strawbridge v. Curtiss,* 7 U.S. (3 Cranch) 267, 2 L.Ed. 435 (1806). The party seeking to invoke jurisdiction of the federal court has the burden of proving that jurisdiction exists. *Scott v. Breeland,* 792 F.2d 925, 927 (9th Cir.1986). In this case, however, plaintiff has not met its burden.

### A. Limited Partners Relevant for Diversity

■ Plaintiff, Finalco Equipment, advances two arguments for disregarding the non-diverse presence of its limited partners in the consideration of the diversity requirement: 1) general partners are the "real party in interest", therefore only they should be considered for diversity purposes and; 2) limited partners are akin to, and should be treated as, corporate shareholders whose presence is not relevant in determinations of citizenship of corporations.

As to the second argument, the Supreme Court has spoken; expansion in diversity jurisdiction must come from Congress, not the courts. *United Steelworkers of America AFL–CIO v. R.H. Bouligny,* 382 U.S. 145, 150, 86 S.Ct. 272, 274, 15 L.Ed.2d 217 (1965). The circuits are divided, however, as to merits of the first proposition.

Two circuits, the Second and the Fifth, hold that only the citizenship of the general partners should be counted. *See Colonial Realty Corp. v. Bache & Co.,* 358 F.2d 178 (2d Cir.1966), *cert. denied* 385 U.S. 817, 87 S.Ct. 40, 17 L.Ed.2d 56; *Mesa Operating Ltd. Partnership v. Louisiana Intrastate Gas,* 797 F.2d 238 (5th Cir.1986). However, three circuits, the Fourth, Seventh and

Third have decided that the citizenship of the limited partners is relevant for diversity purposes. *See New York State Teachers Retirement System v. Kalkus,* 764 F.2d 1015 (4th Cir.1985); *Elston Investment, Ltd. v. David Altman Leasing Corporation,* 731 F.2d 436 (7th Cir.1984); *Carlsberg Resources Corp. v. Cambria Savings and Loan Association,* 554 F.2d 1254 (3d Cir.1977). The Ninth Circuit has not directly addressed the issue, however two district courts in this circuit have held that the citizenship of the limited partners is relevant. *Sage Investors v. Group W. Cable, Inc.,* 666 F.Supp. 186, 189 (D.Ariz. 1986); *Windward City Center of Hawaii v. Transamerica Occidental Life Ins. Co.,* 613 F.Supp. 1216, 1219 (D.Hawaii 1985). Since there is no controlling authority, this court will look for direction to Supreme Court and Ninth Circuit opinions which deal with unincorporated associations and diversity jurisdiction.

The general rule is clearly established: all members of an unincorporated association must be diverse from the opposing party. *Navarro Savings Association v. Lee,* 446 U.S. 458, 461, 100 S.Ct. 1779, 1782, 64 L.Ed.2d 425 (1980). However, the Supreme Court in *Navarro,* while affirming the general rule, did allow trustees to sue without regard to the citizenship of trust beneficiaries. *Navarro* at 465, 100 S.Ct. at 1784.

The position advanced by the plaintiff centers on a discussion in *Navarro* which observes that the trustees in that case were considered relevant for diversity because they were the "real parties" in the case, managing the assets in question and controlling the litigation. *Navarro,* at 465, 100 S.Ct. at 1784. This, among other factors, led the Fifth Circuit to the conclusion that when one class of a partnership, the general partners, manages the assets and controls litigation, that class is the real party in interest, and should alone be relevant to establish diversity. *See Mesa Operating Ltd. Partnership,* at 241. This court, however, is not persuaded by this reasoning.

It is clear that the Supreme Court, in *Navarro,* merely upheld a longstanding principle (and exception) in the law: trustees could sue in diversity, regardless of trust beneficiary citizenship, *if* those trustees were not "mere conduits for a remedy flowing to others." *Navarro* 446 U.S. at 465, 100 S.Ct. at 1784. After this decision had been made, the Court established a second, derivative, test to determine whether trustees were "mere conduits" or not. This second, "trustee-specific", test concerned the "real party" factors such as management of assets and ability to sue. There is nothing, however, in the *Navarro* opinion indicating that this second test, or its reasoning, should be generally extended to other unincorporated associations. In fact, if anything, the opposite is true.

The court in *Navarro,* for example, explicitly stated that the "real party in interest" test served a different purpose from the test for diversity, and the two tests need not produce identical results. *Navarro* at 462, n. 9, 100 S.Ct. at 1782 n. 9. Furthermore, the Court in *Navarro* expressly upheld *Chapman v. Barney,* 129 U.S. 677, 9 S.Ct. 426, 32 L.Ed. 800 (1899). *See Navarro* 446 U.S. at 461, 100 S.Ct. at 1782. In *Chapman,* the Supreme Court held that the citizenship of a joint stock company was determined by all of its members, although the company in that case had two classes of members, only one of which was entitled to sue. *Chapman,* at 682, 9 S.Ct. at 427–28. The plaintiff's theory is clearly at odds with the holding in *Chapman. See New York State Teachers Retirement System* at 1017; *Sage Investors,* at 188.

Moreover, in *Fifty Associates v. Prudential Insurance Co. of America,* 446 F.2d 1187 (9th Cir.1970), the Ninth Circuit, holding that allegations of diversity jurisdiction were insufficient, may have implicitly rejected the view that the ability to control litigation is determinative of the issue of diversity. The court stated that,

> [t]he citizenship of each member of an unincorporated association must be alleged, even though the entity might be recognized at state law as having the ability to sue and the liability to be sued.

*Id.*, at 1190; *See also Sage Investors* at 189; *Windward City Center*, at 1218. The Ninth Circuit has also recently affirmed the rule that *all* members of an unincorporated association must be diverse from the opposing party for the court to have diversity jurisdiction. *Rockwell International Credit v. U.S. Ins. Group*, 823 F.2d 302, 304 (9th Cir.1987).

■ This court will follow the majority rule of considering the citizenship of limited partners, in determinations of diversity, as the court finds that view to be more in line with Supreme Court and Ninth Circuit precedent. In accordance with that determination, the court finds that plaintiff, Finalco Equipment, is not completely diverse with defendants and as such this court has no jurisdiction in this case.

### B. Plaintiff May Not Substitute Party

■ Plaintiff has moved to amend its complaint, pursuant to Fed.R.Civ.Pro. 17(a), to substitute what it alleges is an assignee of Finalco Equipment, as the true party in interest and new plaintiff. Because this new party is supposedly completely diverse from defendants, plaintiff claims diversity jurisdiction exists. As the court has already observed, the facts of this situation are unclear at best. However the court has no need to test the substance of the plaintiff's assertions. Plaintiff Finalco Equipment has no power to amend its pleadings.

The reason for this is clearly spelled out in *Aetna Casualty and Surety Co. v. Hillman*, 796 F.2d 770 (5th Cir.1986). There the court held that a non-diverse plaintiff could not amend its complaint, under Fed. R.Civ.Pro. 15, in order to substitute an alleged (diverse) real party in interest. The court reasoned that if the original plaintiff was improperly before the court in the first instance, that same plaintiff obviously lacked the power to make any further motions before the court. *Id.*, at 774. That situation is present in this case as well. Plaintiff Finalco Equipment does not have complete diversity with defendants. There-

fore plaintiff is not properly before this court and has no ability to make a motion to substitute a new party. If Finalco Inc., the supposed assignee, actually owns the note in question, it may bring its own lawsuit in an appropriate court.[1]

Plaintiff's contention, that Fed.R.Civ.Pro. 17(a), mandates the substitution of the real party in interest, in this circumstance, is simply mistaken. Rule 17(a) provides that every action shall be prosecuted in the name of the real party in interest and states that no action shall be dismissed *"on the ground that it is not prosecuted in the name of the real party in interest"*, until the real party has had an opportunity to ratify, join or substitute into the action. However, defendants have not made a motion to dismiss claiming the real party in interest is not presently before the court. Defendants have made a motion to dismiss for lack of subject matter jurisdiction. Rule 17(a) was designed to allow assignees to *initially bring* suit. *See Advisory Committee Notes*, Fed.R.Civ.Pro. 17(a). The rule was not designed to be a vehicle for plaintiffs to escape the requirement of pleading and proving diversity. Plaintiff's reliance on the rule is therefore inappropriate.

The Ninth Circuit has recently rejected a similar attempt to substitute an alleged real party in interest in order to save diversity jurisdiction in an analogous situation. In *Rockwell International Credit v. U.S. Ins. Group*, 823 F.2d at 302, the defendant insurance carrier association removed the case from state to federal court, claiming diversity. There, defendants won on summary judgment and plaintiff appealed. On appeal, the Ninth Circuit raised, on its own motion, the issue of diversity, stating that every member of the defendant insurance group was not diverse from the plaintiff. Defendant responded by attempting to amend its removal petition by substituting what it claimed was the real (and diverse) party in interest, pursuant to 28 U.S.C. § 1653.

---

**1.** 28 U.S.C. § 1359 provides, however, that a district court shall not have jurisdiction when a party has been collusively made or joined in order to create diversity.

The court first observed that it did not believe the new entity was, in fact, the real party in interest. *Rockwell,* at 304. It then noted that § 1653 only allowed amendments based on *technical* corrections to jurisdictional allegations. The court then stated that the "proposed amendment attempts to create jurisdiction where none existed. The proposed amendment is not acceptable." *Id.* Certainly this ruling, and the *Aetna* decision, are inconsistent with plaintiff's notion that the federal rules *mandate* the substitution of a real party in interest, even when necessary to create jurisdiction and salvage a lawsuit.[2]

In sum, because defendants are residents of California and plaintiff, Finalco Equipment, contains partners who are also residents of that state, this court does not have subject matter jurisdiction over this case.

In accordance with the foregoing, it is hereby ordered that:

(1) plaintiff's motion to substitute parties is denied; and

(2) defendants' motion to dismiss for lack of subject matter jurisdiction is granted.

**2.** The court notes that § 1653 itself is inconsistent with the plaintiff's contentions. That is, a rule allowing only technical corrections to allegations of diversity is incompatible with a rule mandating that a plaintiff be allowed to substitute a completely new party as plaintiff, in order to save diversity.